COMMONWEALTH vs. JONATHAN FREY.

Hampshire. April 6, 1983. — September 23, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Evidence,* Bias, Prior sexual conduct, Cumulative. *Rape-Shield Statute.*

The fact that the complainant in a statutory rape case had testified in a
   related civil action that she had been a virgin before engaging in inter-
   course with the defendant did not entitle the defendant to introduce
   evidence of the complainant's prior sexual conduct, where the com-
   plainant did not testify at the criminal trial that she had been a virgin
   before having relations with the defendant. [248-249]
There was no merit to a contention by the defendant in a rape case that
   evidence of the complainant's prior sexual conduct should have been
   admitted to explain evidence of the complainant's upset mental condi-
   tion, which arguably tended to support the Commonwealth's allega-
   tion of a sexual relationship between the complainant and the defend-
   ant, where the evidence of the complainant's mental condition was
   introduced by the defendant's cross-examination of the complainant
   and where, in any event, its effect would not have been weakened by
   the evidence of prior sexual conduct. [249-250]
The defendant in a statutory rape case was not entitled to introduce evi-
   dence of the complainant's prior sexual conduct to show that she was
   biased against him, where such evidence was at best marginally pro-
   bative of the complainant's bias and where there was other evidence at
   the trial of the complainant's bias and motive to lie. [250-252]
There was no merit to the contention of the defendant in a statutory rape
   case that the purpose of the rape-shield statute, G. L. c. 233, § 21B, is
   not served by applying it in such a case. [252]
The defendant at the trial of a statutory rape case was not prejudiced by
   the exclusion of statements made by the complainant to her psychia-
   trist, which were recorded in a deposition of the psychiatrist taken by
   the complainant's attorney in a related civil action, where the infor-
   mation sought to be adduced was introduced in the criminal case
   through other testimony. [252-253]

INDICTMENTS found and returned in the Superior Court
Department on March 25, 1981.

The cases were heard by *Moriarty, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Juliane Balliro* for the defendant.

*Charlotte S. Guyer,* Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. The defendant, Jonathan Frey, appeals from three convictions of nonforcible rape of a child. He claims that the trial judge erred in excluding evidence of the complainant's prior sexual conduct with persons other than the defendant and in excluding evidence of statements she made to her psychiatrist. We conclude there was no error and affirm the convictions.

The defendant was found guilty by a judge of the Superior Court sitting without a jury on the three indictments charging nonforcible rape of a child, G. L. c. 265, § 23, and on indictments for assault and battery, G. L. c. 265, § 13A, and procuring alcoholic beverages for a minor, G. L. c. 138, § 34. He was sentenced on the indictments for rape and the other indictments were placed on file with the defendant's assent. Although the defendant purports to appeal all the convictions, we consider only those on which he was sentenced, and not the ones on file. *Commonwealth* v. *Delgado,* 367 Mass. 432, 438 (1975).

The following evidence was introduced at the trial. A further recitation of evidence appears in connection with our discussion of specific issues. The complainant met the defendant in February, 1977, at a Valentine's Day party held by her father. She was then thirteen years old and the defendant was thirty-four years old. The defendant had been married and was separated from his wife. He had two children. The complainant and the defendant became friends, and she frequently attended parties at the defendant's home accompanied by a few of her friends.

One night in late May, 1977, the defendant took the complainant out for pizza, after which he bought some beer and returned with her to his home. The complainant drank

more than a six-pack of beer and engaged in sexual inter-
course with the defendant. That summer the complainant
visited the defendant almost every day, but she and the de-
fendant did not have intercourse during this time.

In the fall of 1977, the complainant was enrolled in the
ninth grade at a public school in her hometown of North-
ampton. She spent most of her time with the defendant and
during these months they had sexual intercourse frequently.
During that time, proceedings were brought against the
complainant under the Protection and Care of Children
statute, G. L. c. 119, § 39E, due to her persistent truancy.

The complainant and her family agreed that it would be
best for her to change schools. To that end, her father sug-
gested that the defendant, who lived in another school dis-
trict, be made her guardian. In December, 1977, the
defendant was appointed as the complainant's guardian and
in January, 1978, she moved into his house and began at-
tending public school in a neighboring town. A room in the
defendant's house was remodelled as a bedroom for the
complainant. Beginning in 1978, the defendant's children
visited him every other weekend. The complainant's niece
and nephew also visited the house. When these other chil-
dren would come to visit, the complainant would sometimes
sleep in her bedroom, and sometimes sleep with the de-
fendant.

In the fall of 1979 the complainant moved back to her
family home and enrolled in a public high school there.
During that academic year, she visited the defendant on the
weekends on which occasions she slept with the defendant
in his room. In January or February, 1980, the complain-
ant told her father that she had slept with the defendant on
one occasion. In late spring she told her sister that she was
having an ongoing sexual relationship with the defendant.
In the summer of 1980 the complainant moved again into
the defendant's home, this time for the purpose of attending
a private school. In the fall, one of the defendant's children
moved in, too. The complainant slept on the couch in the

living room where she was joined occasionally by the defendant. They continued to have sexual intercourse frequently.

In January, 1981, the defendant had an argument with the complainant's sister. This precipitated an argument between the complainant and the defendant during which the defendant struck the complainant's face repeatedly. The defendant told the complainant that he never wanted to see her again, and he drove her to her father's house.

The following morning the complainant talked with one of her sisters about the argument and they discussed the possibility of bringing a civil suit against the defendant. Then the complainant visited her father in his office and he suggested that she call his lawyer, which she did. At the lawyer's suggestion, the complainant went to the State police to bring criminal charges against the defendant. A few days later, the complainant filed a civil suit against the defendant for $300,000 in damages.

1. *Exclusion of Evidence of Prior Sexual Conduct.*

The defendant sought to introduce evidence that the complainant had engaged in intercourse with someone other than the defendant in March or April, 1977, and that she had at least two "sexual encounters" with still another person when she was twelve years old. The judge excluded this evidence on the ground that it was barred by G. L. c. 233, § 21B, known as the rape-shield act. The statute is set out in full in the margin.[1] The defendant advances four

---

[1] General Laws c. 233, § 21B, inserted by St. 1977, c. 110, provides as follows: "Evidence of the reputation of a victim's sexual conduct shall not be admissible in any investigation or proceeding before a grand jury or any court of the commonwealth for a violation of sections twenty-two, twenty-two A, twenty-three, twenty-four and twenty-four B of chapter two hundred and sixty-five. Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof. If, after said hearing, the court finds that the weight and relevancy of

arguments in support of the admissibility of this evidence. The first of these is that he should have been allowed to show that the complainant gave deposition testimony in her civil action against the defendant that she had been a virgin before engaging in intercourse with the defendant. Then, the argument goes, the evidence of her earlier sexual activity would be admissible to demonstrate the falsity of that claim and, consequently, the complainant's lack of credibility. This argument lacks merit because, entirely apart from G. L. c. 233, § 21B, the law of the Commonwealth is that a party is not entitled to impeach a witness by showing that the witness has falsely testified in a collateral matter, which the complainant's civil action was. That is but an application of the principle that prior bad acts may not be used to impeach a witness's credibility. *Commonwealth* v. *Bohannon*, 376 Mass. 90, 93 (1978). The evidence of prior sexual conduct would not otherwise have contradicted the complainant's trial testimony because she did not testify at the trial that she had been a virgin before having relations with the defendant.

The defendant's second argument in support of his contention that evidence of the complainant's prior sexual conduct should have been admitted begins with the assertion that the Commonwealth introduced evidence of the complainant's upset mental condition in the fall of 1980 to support its allegation of a prior sexual relationship between the complainant and the defendant. The defendant contends that this entitled him to show that there had been other sexual encounters that would explain the complainant's mental condition. Our review of the record discloses that the only evidence of the complainant's mental condition was introduced, not by the Commonwealth, but by the defendant in the course of cross-examining the complainant. Since the

said evidence is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not. If the proceeding is a trial with jury, said hearing shall be held in the absence of the jury. The finding of the court shall be in writing and filed but shall not be made available to the jury."

defendant elicited this testimony on cross-examination, he cannot rely on its prejudicial effect to justify the admission of otherwise inadmissible evidence. *Commonwealth* v. *Elder*, 389 Mass. 743, 753-754 (1983). At any rate, even if that evidence had been introduced by the Commonwealth, evidence of three sexual encounters in 1976 and 1977 would not have weakened its effect.

The defendant's third argument in support of the admissibility of evidence of the complainant's prior sexual conduct is that that evidence, together with evidence that the complainant did not bring charges against the individuals with whom she was involved, would tend to show that the complainant was biased against him or was motivated to charge him falsely. The defendant relies primarily on *Commonwealth* v. *Joyce*, 382 Mass. 222 (1981), to support this argument.

In *Joyce*, as here, the defendant argued that exclusion of evidence of the complainant's prior sexual conduct violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and under art. 12 of the Declaration of Rights of the Massachusetts Constitution. *Id.* at 225. In that case, as in this case, the defendant argued that in keeping with these constitutional guarantees he could not be precluded from presenting evidence of the complainant's bias or motive to lie. *Id.* at 224-225. In *Joyce*, the evidence of prior sexual conduct was essential to a showing of the complainant's bias or motive to fabricate the charge of rape. Reasoning that a defendant has the right "to bring to the jury's attention any 'circumstance which may materially affect' the testimony of an adverse witness which might lead the jury to find that the witness is under an 'influence to prevaricate,'" *id.* at 229, quoting *Commonwealth* v. *Haywood*, 377 Mass. 755, 760 (1979), and that this right may assume constitutional dimensions, *Commonwealth* v. *Joyce, supra* at 229, we held that exclusion of the evidence in that case was reversible error. *Id.* at 232. We concluded that the prohibition of the rape-shield statute does not "[sweep] so broadly as to render inadmissible evi-

dence of specific instances of a complainant's sexual conduct in situations when that evidence is relevant to show the complainant's bias." *Id.* at 227. We advised, however, that, in light of the important policies underlying the rape-shield statute, a trial judge "should exclude evidence of specific instances of a complainant's sexual conduct in so far as that is possible without unduly infringing upon the defendant's right to show bias." *Id.* at 231.

The present case is clearly distinguishable from *Joyce.* In that case, the defendant sought to show the complainant's history of earlier prosecution for prostitution, and that the charge against the defendant was motivated by a desire to avoid further prosecution. Here, evidence that the complainant had had sexual encounters on three occasions with two individuals in 1976 and 1977 had no tendency to show that she brought charges against the defendant in 1981 because of bias or an ulterior motive. Furthermore, even if that evidence could be considered marginally probative, ample evidence of the complainant's bias and motive to lie was presented to the jury. In addition to the evidence recited early in this opinion, there was other evidence as follows: The defendant was a patient of the complainant's father, who was a psychiatrist and the leader of a group called the Institute for Advanced Maturation. The complainant's father conducted regular tithing meetings at which the members, including the defendant, were encouraged to tithe a percentage of their income to him personally. The complainant's father regularly published a newsletter and in that newsletter various people, including the defendant, were chastised for their ingratitude. The complainant's father twice asked the defendant to loan him money and once asked him to cosign a note for someone else. This evidence was elicited from the complainant on cross-examination. Also, the complainant admitted on cross-examination that she was hurt, upset, and angry after her argument with the defendant, that she had discussed with her family the amount for which she would sue in her civil suit, and that she had considered dropping the charges against

the defendant but that her father told her that if she did that she would make a fool of herself. She also testified that her father told her that conviction of the defendant would improve her father's reputation in the community. Given the lack of relevancy of the proposed evidence and the ample evidence of the complainant's bias and motivation to fabricate, the defendant's third argument in favor of the admissibility of evidence of the complainant's prior sexual conduct fails.

The defendant's fourth and final argument with respect to the admissibility of prior sexual conduct evidence is that the purpose of the rape-shield statute is not served by applying it in statutory rape cases. The short answer to this contention is that it is clear from the language of the statute that the Legislature intended it to apply to statutory rape cases, so we need inquire no further. Section 23 of c. 265 is one of the sections specified in the rape-shield act. If, however, we were to inquire whether application of the act to statutory rape cases promotes the purpose of the act, we would have difficulty in perceiving how a statutory rape victim's interest in freedom from the "strategy of trying the complaining witness rather than the defendant," *Commonwealth* v. *Joyce, supra* at 228, is less worthy of protection than that of an adult rape victim.

2. *Exclusion of Questions Regarding the Complainant's Statements to her Psychiatrist.*

At trial, defense counsel attempted to question the complainant about statements she made to a psychiatrist. In a bench conference, defense counsel asserted that the statements were recorded in a deposition of the psychiatrist taken by the complainant's attorney in her civil action against the defendant. The trial judge excluded the evidence on the ground that the statements were privileged under G. L. c. 233, § 20B. The defendant argues that the complainant's privilege was waived when her attorney deposed her psychiatrist.

We need not reach this argument, however, because the defendant has not demonstrated that he was prejudiced

by the exclusion of this line of questioning. Defense counsel told the trial judge that he wanted to ask the complainant whether she told her psychiatrist that she felt hurt because the defendant was withdrawing from her and ignoring her in October and November of 1980, and whether or not she told her psychiatrist that her father and family had pushed her into taking legal action. The complainant herself testified that she felt hurt and that her father suggested that she call his lawyer and that she not drop the charges. The complainant's statements to her psychiatrist would have added nothing.

The judgments on appeal are affirmed.

*So ordered.*