COMMONWEALTH *vs.* ROBERT D. COULL. July 10, 1985. *Rape. Evidence*, Fresh complaint, State of mind. *Practice, Criminal*, Sentence.

A jury found the defendant, Robert D. Coull, guilty of rape of a child with force, indecent assault and battery of a child under fourteen, and open and gross lewdness and lascivious behavior.[1] The indictments described the rape as having taken place between April 1 and July 30, 1980, with the other incidents occurring between January, 1979, and February, 1980.[2]

---

[1] The conviction on the latter charge was placed on file. The defendant was acquitted of a second count of open and gross lewdness.

[2] A greater degree of time specificity was not possible since the victim, about eleven years old at the time of the offenses alleged, did not press charges until three years later, by which time her memory of dates had dimmed. See *Commonwealth* v. *Atkinson*, 15 Mass. App. Ct. 200, 203 (1983).

The jury could have found that when the victim's mother was absent from her house the defendant often remained to babysit with her children and that he used these occasions to molest the victim. The victim only recalled one actual rape, during which she had been threatened with a knife, but testified to a course of sexually abusive conduct by the defendant that ceased at about the time the defendant and her mother married. The victim had made a complaint to her mother after the rape. Confronted with this accusation, the defendant brushed it off as "ridiculous" and offered to pay for an examination of the victim. The doctor's findings settled nothing. Apparently the matter was then dropped until some three years later.

1. The defendant, who married the victim's mother in August, 1980, sought to discredit the victim's testimony by showing (1) that the victim (who loved her father — from whom her mother was divorced) invented the rape story in 1980 in an unsuccessful attempt to prevent her mother's marriage to the defendant, and (2) that in 1983, because the defendant was seeing another woman, the victim's mother vindictively encouraged the victim to complain falsely of sexual abuse.

1. To corroborate the victim's testimony on the rape charge, the Commonwealth called a girl friend of the victim to whom the victim purportedly made fresh complaint in the spring of 1980. The witness remembered the complaint — "Bob raped me" — the location in which it was made, and, with some prompting, the year — 1980. Her memory of the season was hazy. However, that failure of recollection is of no avail to the defendant's argument that the victim's complaint was not fresh. The victim testified that she had complained to the witness within a week of the rape. On this record, with a pre-adolescent victim, a defendant who frequented the victim's home, who was the prospective spouse of the victim's mother, and who threatened the victim with a knife prior to raping her, the judge was warranted in finding the complaint "fresh." See *Commonwealth* v. *King*, 387 Mass. 464, 473-474 (1982); *Commonwealth* v. *Bedard*, 6 Mass. App. Ct. 959 (1978); *Commonwealth* v. *Wilson*, 12 Mass. App. Ct. 942 (1981); *Commonwealth* v. *Brenner*, 18 Mass. App. Ct. 930, 931-932 (1984). Following this testimony and during his charge as well, the judge accurately instructed the jury on the use of fresh complaint evidence solely for corroborative purposes. It was not necessary for the judge expressly to caution the jury that this evidence was relevant only to the rape charge as that limitation was evident from the instruction given.[3]

2. One of the defendant's strategies at trial was closely to cross-examine the victim on discrepancies between her trial testimony and the statements she had given to family friends, the police, and a social worker. Through

---

[3] "[Y]ou consider this testimony only to corroborate the fact that [the victim] said it. It still remains for you to determine whether the crime of rape occurred; and that crime, the elements of that crime, must be proved by the Commonwealth beyond a reasonable doubt."

the social worker and the police officer (and over the defendant's objection), the prosecutor introduced evidence to show that the victim had spoken to them and had ultimately been referred to the district attorney. Those witnesses did not testify as to the substance of their exchanges with the victim.[4] That being so, we cannot discern what harm the defendant suffered by the jury's hearing those witnesses colorlessly recount the bare facts of their encounter, but not their conversations, with the victim. See *Commonwealth* v. *Izzo,* 359 Mass. 39, 43 (1971); *Commonwealth* v. *Bailey,* 370 Mass. 388, 393 (1976); *Commonwealth* v. *Coolbeth,* 4 Mass. App. Ct. 855, 856 (1976); *Commonwealth* v. *Wilson,* 12 Mass. App. Ct. at 943.

3. The defendant contends that the judge's exclusion of certain evidence tending to show "consciousness of innocence," and his refusal to give an instruction on consciousness of innocence amounted to reversible error.

The defendant testified that in the course of a discussion with his wife (the victim's mother), the wife became enraged because he was seeing another woman, struck him and made off with his trousers, from which she removed a sum of money before ejecting the defendant from the house. The wife's testimony was that during that incident the defendant made sexual references to her daughter that brutally revealed to her that the victim had not lied three years earlier when she complained of rape by the defendant.

The prosecutor elicited the fact that no police had called on the mother concerning the theft of money from the defendant. To rebut the inference that he had not dared to involve the police because of his sexual misconduct with the victim, the defendant testified that he had called the police and reported the theft. He attempted to testify that the police had told him that because he was married to the alleged thief, nothing could be done. The judge declined to allow the defendant to repeat what the police told him. The testimony may have been properly excludable as hearsay, but, assuming that it was admissible as going to the defendant's state of mind, in the circumstances of this case the exclusion was harmless error. Without objection during her closing statement, defense counsel suggested that the defendant had not filed a complaint because he was married. Also, the jury could have inferred that reason during the defendant's testimony from defense counsel's linking of the fact that the defendant was married to the alleged thief and the fact that he had brought no complaint after consulting with the police.

The trial judge was not obliged to instruct the jury on consciousness of innocence. "Relegating the subject to the give and take of argument was appropriate in the circumstances and the refusal of a jury instruction avoided

[4] Testimony as to the victim's substantive conversations three years after the events in question could not have been admitted as fresh complaint, though in certain circumstances it might have been admissible on another ground. See, e.g., Liacos, Massachusetts Evidence 170 (5th ed. 1981 & 1985 Supp.); Hughes, Evidence § 244 (1961 & 1981 Supp.); *Commonwealth* v. *Bailey,* 370 Mass. 388, 391 n.3 (1976).

. . . overemphasis . . . ." *Commonwealth* v. *Martin*, 19 Mass. App. Ct. 117, 123 (1984).

4. At the sentencing hearing the prosecutor advised the judge of a previous sexual abuse charge against the defendant that had been continued without a finding and subsequently dismissed. There was no impropriety in the judge's taking that disposition into consideration in "assessing the defendant's character and propensity for rehabilitation." *Commonwealth* v. *Coleman*, 390 Mass. 797, 805 (1984). See also Mass.R.Crim.P. 28(d) (2), 378 Mass. 899 (1979); *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 222 (1976); *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 654 (1977).

5. The Commonwealth concedes that the sentence of nine to ten years on the charge of indecent assault and battery on a child under fourteen exceeded the five-year statutory maximum in effect at the time the defendant committed the crime. See G. L. c. 265, § 13B, as appearing in St. 1958, c. 189. Accordingly, we must remand this case for resentencing within the statutory limit. See *Commonwealth* v. *Boiselle*, 16 Mass. App. Ct. 393, 401-402 (1983).

The sentence on the indecent assault and battery indictment (no. 6560) is vacated. The case is remanded to the Superior Court for resentencing on that indictment. The judgment on the rape indictment (no. 6559) is affirmed.

*So ordered.*

*Eric Brandt*, Committee for Public Counsel Services, for the defendant.

*Edward F. Connelly*, Assistant District Attorney, for the Commonwealth.