## COMMONWEALTH vs. WILLIAM A. RUFFEN.

Essex. October 6, 1986. — May 12, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence*, Self-serving statement, Verbal completeness, Relevancy and materiality, Sexual conduct. *Rape-Shield Statute. Practice, Criminal*, Voir dire.

At a criminal trial where the judge, erroneously but without objection by defense counsel, admitted hearsay evidence of a face-to-face accusation of the defendant by the victim, it was reversible error for the judge thereafter to refuse to allow the defendant's introduction, under the doctrine of curative admissibility, of otherwise inadmissible evidence that he had denied the victim's accusations. [812-814] ABRAMS, J., dissenting.

Where, at the trial of indictments for rape and sexual abuse of a child, the defendant had a good faith basis for requesting a voir dire examination of the victim and her mother, the defendant should have been afforded that opportunity to determine whether there was evidence of previous sexual abuse of the victim similar to the abuse alleged in his case and, notwithstanding the general statutory policy, expressed in G. L. c. 233, § 21B, prohibiting inquiry into a victim's prior sexual experience, such evidence of prior sexual abuse would be admissible, with proper instructions to the jury, as relevant to the victim's knowledge about sexual matters. [814-817] ABRAMS, J., concurring.

INDICTMENTS found and returned in the Superior Court Department on May 12, 1982.

The cases were tried before *Peter F. Brady*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Maureen B. Brodoff*, Committee for Public Counsel Services, for the defendant.

*Edward F. Connelly*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant was convicted of indecent assault and battery on a child under fourteen, rape of a child by force, and unnatural and lascivious acts with a child under sixteen. The Appeals Court affirmed the convictions. 21 Mass. App. Ct. 90 (1985). We granted the defendant's application for further appellate review. We reverse and order a new trial.

The defendant challenges two evidentiary rulings made by the trial judge.

1. *Admissibility of the defendant's denial.* The victim, then ten years old, lived in an apartment with her mother and her mother's boy friend. The defendant, a friend of the boy friend, occasionally slept overnight on the living room sofa in the mother's apartment. The victim told her mother that during the summer of 1981 the defendant had been sexually molesting her at night and had threatened to kill her if she told her mother. When the victim's mother confronted the defendant regarding her daughter's story, the defendant simply left the apartment without denying any of the accusations. The victim's mother later notified the police, but at this time the police were unsuccessful in locating the defendant. A few days later, the police located the defendant and brought him to the police station. ·

On direct examination at the defendant's trial, the prosecutor questioned the investigating officer about his interrogation of the defendant at the police station: *Q*: "Would you tell us what occurred at that time?" *A*: "This time I advised him of his rights immediately, told him I was conducting an investigation into complaints against him involving . . . a young girl. And at that point a confrontation took place where [the victim] related her story in front of Mr. Ruffen." On cross-examination, the defendant attempted to introduce evidence that he denied the victim's accusations during the confrontation described by the police officer. The prosecutor objected and the judge sustained the objection. The defendant appeals from this ruling.

Under impressive and long-standing precedent, an accused's unequivocal denial of the crime charged is normally inadmissible in evidence. *Commonwealth* v. *Nawn*, 394 Mass. 1, 4-5 (1985), and cases cited. When Miranda warnings have been given, as they were here before the confrontation, evidence of

a defendant's denial or silence following an accusation is also inadmissible because such evidence would diminish the right to remain silent. *Id.* at 5. For similar reasons, "extrajudicial accusatory statements made in the presence of a defendant are not admissible as evidence against him where the defendant has denied the accusations." *Commonwealth* v. *Locke*, 335 Mass. 106, 115 (1956). In a word, neither the accusation nor the denial is admissible.

In the present case, however, the judge allowed the prosecution to introduce evidence that the victim had a face-to-face encounter with the defendant and accused him of molesting her. The police officer testified that "a confrontation took place where [the victim] related her story in front of Mr. Ruffen." This testimony can have no other meaning than that the victim accused the defendant of sexually abusing her. During the trial, the jury were well aware of the victim's story, and the essence of that story was the accusation of sexual abuse made by the victim. Such an accusation should not be admitted over objection. See *Commonwealth* v. *Pleasant*, 366 Mass. 100, 102-103 (1974). See also *Commonwealth* v. *Hosey*, 5 Mass. App. Ct. 138, 140-141 (1977) (mother's accusation that defendant sexually abused her daughter inadmissible).

The Commonwealth's reliance on *Commonwealth* v. *Coull*, 20 Mass. App. Ct. 955 (1985), is misplaced. In that case, the Appeals Court upheld the admission of testimony of a police officer and of a social worker that they had spoken to a sexually abused child. The substance of the conversations was not admitted, and the Appeals Court concluded that the defendant suffered no harm "by the jury's hearing those witnesses colorlessly recount the bare facts of their encounter, but not their conversations, with the victim." *Id.* at 957. In the instant case, the jury heard more than the bare facts of a police officer's encounter with the victim. The jury heard the officer testify that the victim made an accusation by relating her story in front of the defendant.

Once the jury heard the accusation, the defendant should have been allowed, under the doctrine of curative admissibility, to present testimony that he denied the accusations. The cura-

tive admissibility doctrine allows a party harmed by incompetent evidence to rebut that evidence only if the original evidence created significant prejudice. *Commonwealth* v. *Valcourt*, 333 Mass. 706, 719 (1956). 1 J. Wigmore, Evidence § 15, at 740-741 (Tillers rev. 1983), citing the "Massachusetts rule" announced in *Mowry* v. *Smith*, 9 Allen 67, 68 (1864). P.J. Liacos, Massachusetts Evidence 443-444 (1981 & Supp. 1985). Although in other circumstances, we have found no error in a judge's refusal to allow a party to introduce curative evidence (see *Commonwealth* v. *Schnackenberg*, 356 Mass. 65, 70-71 [1969]), the failure of the judge here to permit the defendant to cross-examine the police officer about the defendant's denial of the victim's accusations is prejudicial error for which we reverse.

2. *Voir dire examinations concerning prior sexual abuse of the victim*. The defendant also challenges the judge's denial of a "motion in limine" seeking voir dire examinations of the victim and her mother to determine whether the victim had been subjected to prior sexual abuse.

The defendant's motion for the voir dire examinations was based on information provided by the defendant's girl friend who was also a social friend of the victim's family. The defendant sought the voir dire examinations to determine whether there was any reliable evidence that the victim had been sexually abused in the past. The defendant contends that such evidence is relevant to the credibility of a youthful victim of sexual abuse because evidence of previous sexual abuse would rebut the assumption that children do not have knowledge about sexual matters. See *State* v. *Peterson*, 35 Wash. App. 481, 485 (1983). The defendant's theory is that if the victim had been abused in the past, that earlier experience, rather than any experience with the defendant, would explain how she acquired sufficient information to enable her to describe acts of sexual abuse. In the absence of such an explanation, a juror might well find the defendant guilty solely, or at least partially, because of his failure to explain how the child possessed such extraordinary knowledge unless she had acquired it from the conduct with which the defendant was charged.

Some States allow evidence of prior sexual abuse when relevant to the victim's personal knowledge of sexual acts. See, e.g., *People* v. *Ruiz*, 71 A.D.2d 569, 570 (N.Y. 1977) (evidence that twelve year old girl had sexual intercourse with someone other than defendant was improperly excluded); *State* v. *Padilla*, 110 Wis. 2d 414, 429 (1982) (evidence of ten year old girl's prior sexual experience not admissible where defendant made no offer of proof to show that the past incidents were so related as to be relevant). One commentator advocates admitting evidence of prior sexual conduct if similar in detail to the abuse in issue. See Galvin, Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade, 70 Minn. L. Rev. 763, 868 (1986); *State* v. *Carver*, 37 Wash. App. 122, 124-125 (1984) (evidence that victims had been previously sexually abused by their grandfather improperly excluded). A few States simply bar such evidence as irrelevant, confusing to the jury, and an invasion of the victim's privacy. See, e.g., *State* v. *Clarke*, 343 N.W.2d 158, 162-163 (Iowa 1984) (evidence that "relatively young" complainant had previous sexual experience is irrelevant); *People* v. *Arenda*, 416 Mich. 1, 12 (1982) (evidence of prior sexual abuse of eight year old boy of little relevance because ability to describe sexual conduct need not be acquired solely through sexual conduct, unlike evidence of pregnancy, semen, or disease).

If a defendant challenges the reliability of a child's testimony about sexual abuse, it is unfair to deprive him of the right to show that the child had personal knowledge of sexual acts and terminology. *State* v. *Howard*, 121 N.H. 53, 61 (1981). *State* v. *Peterson, supra*. Thus, the defendant in this case, because he had a reasonable suspicion and a good faith basis for the inquiry, should have been permitted a voir dire examination of the victim's mother and of the victim to determine whether the victim had been sexually abused in the past. If the victim had been sexually abused in the past in a manner similar to the abuse in the instant case, such evidence would be admissible at trial because it is relevant on the issue of the victim's knowledge about sexual matters. *Id.*

We do not hold, however, that evidence of prior sexual abuse of the victim is admissible at trial for all purposes. If the defendant succeeds in eliciting testimony that prior, similar sexual abuse did occur, the defendant will still be bound by the principles of relevance. P.J. Liacos, Massachusetts Evidence, *supra* at 408. If the defendant wishes to use evidence of the victim's prior abuse for a purpose other than to show knowledge about sexual acts and terminology, then he will have to show how the evidence of prior abuse is relevant on that issue. Absent such a showing by the defendant of prior similar sexual abuse, it is difficult to envision a situation where evidence of the details of prior sexual abuse would be relevant. See *Summitt* v. *State*, 101 Nev. 159 (1985) (Steffen, J., concurring in part and dissenting in part). Unless the defendant is able to show how the specific details of a previous incident are relevant, he will not be allowed to question the victim about prior incidents either at a voir dire hearing or in the presence of a jury. See *State* v. *Albert*, 495 A.2d 1242, 1243 (Me. 1985).

In prosecutions for rape of a child with force (G.L. c. 265, § 22A [1984 ed.]) and indecent assault and battery on a child under fourteen (G. L. c. 265, § 13B [1984 ed.]), evidence of the victim's sexual conduct is generally inadmissible. G. L. c. 233, § 21B (1984 ed.) (the "rape-shield statute").[1] The rape shield statute's protections apply to child victims as well as to adults. *Commonwealth* v. *Frey*, 390 Mass. 245, 252 (1983). Yet, despite the general statutory policy prohibiting inquiry into a victim's prior sexual experiences, the Constitution requires that a defendant be permitted to introduce evidence which may materially affect the credibility of the victim's testimony. See *Commonwealth* v. *Elder*, 389 Mass. 743, 750-751 (1983); *Commonwealth* v. *Joyce*, 382 Mass. 222, 230-232 (1981) (Hennessey, C.J., concurring). We have also held that a defendant may introduce evidence of a victim's prior sexual con-

---

[1] The defendant was also convicted of unnatural and lascivious acts with a child under sixteen. G. L. c. 272, § 35A (1984 ed.). The rape-shield statute does not apply to prosecutions for violation of this statute.

duct when attempting to show that the victim has made prior false accusations of rape. *Commonwealth* v. *Bohannon*, 376 Mass. 90, 95 (1978), *S.C.*, 385 Mass. 733 (1982).

Further proceedings in the Superior Court are to be consistent with this opinion. The defendant has already demonstrated a good faith basis for the inquiry and he should be afforded a voir dire examination to determine whether there is evidence that the victim had been subjected to prior sexual abuse similar to the alleged abuse in this case. If the defendant satisfies the judge that the victim had been subjected to prior sexual abuse, such evidence with proper instructions should be admitted for the jury's consideration. If the judge is not so satisfied, no further steps are required in this aspect of the case.

*Judgments of the Superior Court reversed.*

*Verdicts set aside.*

ABRAMS, J. (dissenting in part and concurring in part). I would not reverse the convictions but would remand the matter for a hearing on the issue whether relevant evidence as to prior abuse was wrongly excluded.

1. *Error in excluding the defendant's denial at the confrontation.* I conclude, as does the court, that it was error to exclude the question whether the defendant denied the accusation when confronted by the victim at the police station. I agree with the court that neither an accusation nor a denial ordinarily is admissible. See *ante* at 812-813. The issue, as I see it, is whether the error so misled the jurors that the defendant's case was significantly damaged or that the error made the trial grossly unfair. See *ante* at 813. I conclude that the error neither misled the jurors nor made the trial grossly unfair.

On cross-examination, defense counsel brought out facts indicating that the defendant went voluntarily to the police station, and that, after the confrontation, the defendant was not arrested but was released by the police detective. He also elicited the facts that the defendant had always appeared in court voluntarily and that there was a hearing before a clerk

prior to the issuance of the complaint. In final argument, defense counsel argued that the defendant was never arrested, that the defendant appeared in court voluntarily after being summoned, and that the defendant was relased after the confrontation by a police officer with seven years' experience as a detective investigating rape and child abuse cases and nine years' experience as a police officer. Defense counsel vigorously argued to the jurors that, if the complainant were not credible, there was no other evidence against the defendant. It was clear that if the victim were not credible, the Commonwealth had no case. The only reasonable inference to be drawn from the entire record is that the defendant denied the charges. The jurors were not misled and, in my view, the exclusion of the one question, while error, does not require reversal.

2. *Voir dire examination concerning prior sexual abuse of the victim.* I agree that there should be a hearing on whether there was past abuse and whether that abuse was similar to the abuse alleged in this case. If the defendant can show those facts, there might be grounds for a new trial because there may be credence to his theory that the child had sexual knowledge beyond her years for which the defendant was not responsible.

Simply stated, the general principle is that if a child-victim displays knowledge of sexual matters beyond his or her years,[1] and if the prior abuse is factually similar to the abuse in the case at bar the prior abuse is admissible on the issue of the victim's knowledge of sexual matters. See *State* v. *Padilla*, 110 Wis. 2d 414, 428-429 (1982). See also *State* v. *Peterson*, 35 Wash. App. 481, 484 (1983); *People* v. *Arenda*, 416 Mich. 1, 12 (1982); Galvin, Shielding Rape Victims in the State and Federal Courts: A Proposal For the Second Decade, 70 Minn. L. Rev. 763, 868 (1986). If the child-victim does not display knowledge beyond his or her years, or if the past abuse is not factually similar to the abuse in the case at bar, the evidence is irrelevant and inadmissible.[2]

---

[1] Such a determination is for the finder of fact.

[2] The court makes a suggestion in dictum which may mislead the trial judge. *Commonwealth* v. *Bohannon*, 376 Mass. 90 (1978), *S.C.*, 385 Mass.

In the absence of such an offer of proof[3] at the voir dire, I believe the evidence of the prior sexual abuse is not relevant and not admissible at trial. "Certainly the constitutional right to confront one's accuser does not extend so far as to entitle the defendant to engage in an unbounded and free-wheeling cross-examination in which the jury are invited to indulge in conjecture and supposition." *Commonwealth* v. *Chretien*, 383 Mass. 123, 138 (1981).

I would not reverse the defendant's convictions. I would remand for hearing to determine whether the evidence of past sexual abuse is relevant because it was similar to the present abuse and thus admissible on the issue whether the victim had knowledge of sexual matters beyond her years. If, after hearing, it appears that such evidence exists, the judge then should grant the defendant a new trial.

---

733 (1982), is not relevant because the defendant does not suggest that the victim made a prior false accusation against another person and that there are independent third-party records to support such an assertion.

[3] At trial, defense counsel requested a voir dire based on the ground that the child transferred the details of the prior abuse to the present alleged abuse. Defense counsel asserted in his written motion that "[he] might argue the transference of details of the actual assault to imagined attacks by the defendant." There was no offer of proof that there would be expert testimony or other evidentiary support for the "transference theory." In my view, the Appeals Court correctly concluded that the request for a voir dire was based on "highly theoretical suggestions . . . [which] could reasonably be regarded by the trial judge as speculative in the extreme." *Commonwealth* v. *Ruffen*, 21 Mass. App. Ct. 90, 95 (1985). The offer of proof was insufficient on the "transference theory." The court does not state otherwise in its opinion.