## COMMONWEALTH *VS.* ROBERT SCHEFFER.

No. 96-P-205.

Bristol. May 13, 1997. - August 20, 1997.

Present: WARNER, C.J., KASS, & JACOBS, JJ.

*Constitutional Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Jury and jurors, Voir dire, Verdict. *Evidence,* Sexual conduct. *Indecent Assault and Battery. Rape.*

At the trial of indictments alleging rape of a child and indecent assault and battery on a child under the age of fourteen, trial counsel rendered ineffective assistance in failing to request a voir dire of the child complainant to determine whether any of the complainant's previous allegations of sexual abuse were substantially similar to the alleged incident, insofar as that would be relevant to explain why the five year old child would have knowledge of sexual acts and terminology [399-400]; where the result might have been otherwise but for the error, the defendant was entitled to a new trial [400-401].

INDICTMENTS found and returned in the Superior Court Department on August 26, 1992.

The cases were tried before *Walter E. Steele,* J.

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*Cynthia M. Brackett,* Assistant District Attorney, for the Commonwealth.

KASS, J. Robert Scheffer was convicted by a jury of rape of a child (G. L. c. 265, § 23) and indecent assault and battery of a child under the age of fourteen (G. L. c. 265, § 13B). We think there is merit to the defendant's assertion on appeal that his trial lawyer rendered ineffective assistance when he failed to press for a voir dire of the victim about prior instances of sexual abuse. The Commonwealth conceded on the appeal that, in any event, the conviction of rape was duplicative of the lesser included offense of indecent assault and battery and that the conviction and sentence for the lesser offense were to be vacated. We need

touch only parenthetically on whether there was a flaw in the affirmation of the jury verdict.

1. *Whether the defendant was entitled to a voir dire examination of the complainant under* Commonwealth *v.* Ruffen. Regarding the claim of significant error by his trial counsel, the defendant, through new appellate counsel, focuses on a failure to have requested a voir dire of the child complainant. The purpose of such an inquiry would have been to sort out whether any of the complainant's previous allegations of sexual abuse were substantially similar to the incident for which the defendant was on trial. If so, the earlier incidents would have been relevant to explain why a child of only five years of age would have knowledge of sexual acts and terminology. *Commonwealth* v. *Ruffen*, 399 Mass. 811, 815 (1987). When she was five years old, the complainant, whom we shall call Nancy, first reported to her mother that the defendant, a live-in boyfriend of Nancy's babysitter, "stuck his finger in my peaches." Dr. Paul Kuniholm, a psychiatrist, testified at argument of a motion to dismiss for selective prosecution,[1] that during the course of her first of four visits with him, Nancy reported that her cousins, Justin and Don-Don (also children), had "stuck fingers in my private." Some six weeks later, in their last visit together, Nancy told the psychiatrist that "Uncle Rory did it to [her cousin, Danielle]. Took her clothes off and put his private in her private," and that "Danielle put the doll in my private."

According to an affidavit of a prosecutor, filed a year and one-half before trial in connection with a motion in limine to exclude previous instances of sexual abuse, the incidents with Justin and Don-Don occurred prior to the incident with the defendant. The defendant, therefore, had the child's own allegation of prior abuse and a good faith basis to believe that those instances were substantially similar to the charge against him, i.e., digital penetration, such that the details of the prior incidents might prove relevant to the child's ability to describe such an act. There is no doubt that the defense was entitled to pursue such a line of inquiry, i.e., a *Ruffen*-like voir dire. Compare *Commonwealth* v. *Rathburn*, 26 Mass. App. Ct. 699, 709-711 (1988).

Instead, defense counsel barked up the wrong tree. He attempted to delve into the prior incidents on *Bohannon* grounds,

---

[1]That motion was denied.

i.e., that the complainant had made prior false accusations of rape. See *Commonwealth* v. *Bohannon*, 376 Mass. 90, 95 (1978), *S.C.*, 385 Mass. 733 (1982). A prerequisite to a *Bohannon* admission of prior sexual conduct, however, is the establishment of some basis to think that the prior accusations were false. *Commonwealth* v. *Nichols*, 37 Mass. App. Ct. 332, 335 (1994). There was no evidence that the prior allegations were "in fact, untrue." *Bohannon*, 376 Mass. at 95. Accordingly, the judge excluded any mention of the prior complaints. Defense counsel either was not aware, or had lost sight, of the utility to the defense of the prior sexual experience of the child complainant and never called that point to the attention of the judge. To that degree, defense counsel made a mistake.

2. *Whether counsel's error was sufficiently grave to constitute ineffective assistance.* Ineffective assistance of counsel is so often used — and overused — as a ground of appeal that there is little point in dilating at length on the applicable principles. Neither the Federal nor State Constitution guarantees a perfect defense. *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985), and cases there cited. "If the test were whether some step or omission of counsel might have affected the outcome, scarcely any conviction would avoid retrial." *Ibid.*, citing *Strickland* v. *Washington*, 466 U.S. 668, 690 (1984). Not only must the conduct of the lawyer be "measurably below that which might be expected from an ordinary fallible lawyer," *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), but the misstep must have caused the loss of a substantial defense. *Id.* at 96. *Commonwealth* v. *Conley*, ante 385, 391 (1997).

Here, in the context of the trial, the error was sufficiently significant that, plausibly, "the result might have been otherwise but for the error." *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986). *Commonwealth* v. *Powers*, 36 Mass. App. Ct. 65, 71 (1994).

The only evidence at trial against the defendant had been the allegation of the five year old Nancy that the defendant had perpetrated a digital rape. Her knowledge of sexual acts and terminology, accordingly, was highly pertinent. The jury were entitled to consider whether a child so young was able to describe an act of digital penetration because she had experienced it at the hand of the defendant or because her cousin or someone else had previously exposed her to such abuse. Absent

such prior experience, a juror might well find the defendant guilty simply because it was not plausible that a child would possess knowledge of such sexual manipulation unless she had acquired it from the acts with which the defendant was charged. *Commonwealth* v. *Ruffen*, 399 Mass. at 814.

Of course, the *Ruffen* principle might loom less large in a case where there was anatomical or percipient witness evidence (from other than the purported victim) that made the government case of sexual abuse overwhelming. The prosecution's only evidence in the instant case, however, was the child's account, repeated through her mother and a nurse who appeared as fresh complaint witnesses. There was mention in the evidence of mild redness in the pubic area but no effort to connect that condition to what the defendant was said to have done. Against this background, we decide that the failure to move for a *Ruffen* voir dire was an error that was significant and consequential. The judgments are reversed and the defendant is entitled to a new trial.

3. *Other matters*. Indecent assault and battery is a lesser-included offense of rape of a child. As there was no separate act in this case, there was no occasion for a separate conviction of indecent assault and battery. That conviction is to be vacated. See *Commonwealth* v. *Reid*, 400 Mass. 534, 541 (1987); *Commonwealth* v. *Brouillard*, 40 Mass. App. Ct. 448, 449 n.3 (1996). Should there be a new trial, the option of finding the lesser offense would be open to the jury.

A third contention by the defendant on appeal, that his convictions are a nullity because the jurors did not orally affirm the verdicts in open court, is disposed of in favor of the government by *Commonwealth* v. *Lawson*, 425 Mass. 528, 529-532 (1997).

> *Judgments reversed.*
>
> *Judgment of conviction of indecent assault and battery vacated.*