NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-890                                    Appeals Court

COMMONWEALTH vs. STANLEY MICHALSKI.

No. 17-P-890.

Hampshire.     November 15, 2018. - June 25, 2019.

Present: Rubin, Maldonado, & Lemire, JJ.


Indecent Assault and Battery. Rape. Child Abuse. Obscenity,
    Dissemination of matter harmful to minor. Practice,
    Criminal, Voir dire. Evidence, Relevancy and materiality,
    School records, Sexual conduct, First complaint.


    Indictments found and returned in the Superior Court
Department on June 30, 2015.

    The cases were tried before Richard J. Carey, J.


    William W. Adams for the defendant.
    Thomas H. Townsend, Assistant District Attorney, for the
Commonwealth.


    RUBIN, J. The defendant was convicted on two indictments

charging indecent assault and battery on a child under the age

of fourteen, see G. L. c. 265, § 13B, four indictments charging

rape of a child under twelve years of age aggravated by an age

difference of five years or more, see G. L. c. 265, § 23A (a),

and one indictment charging dissemination of matter harmful to a minor, see G. L. c. 272, § 28.  The defendant lived with the two victims, to whom we shall refer as the older child and the younger child, but he was not related to them.  He now appeals.

The defendant first argues that a judge of the trial court erred in denying his Dwyer motion, see Commonwealth v. Dwyer, 448 Mass. 122 (2006), seeking records from Head Start, Inc. (Head Start), which had been the older child's preschool. During discovery, the Department of Children and Families (DCF) provided the defendant a G. L. c. 119, § 51A, report (§ 51A report) from 2010, several years before the two victims moved into the defendant's house, written by a staff member of Head Start.  According to defense counsel's affidavit, the § 51A report alleged "possible sexual abuse" by "an unknown person" (the § 51A report itself is not before us).  There had been no disclosure of any sexual abuse.

Defense counsel's affidavit stated that the § 51A report "stated that the [licensed social worker] child and family counselor" -- apparently a mandated reporter -- "has been working with [the older child] and is very concerned"; "that [the older child] is expressing sadness, she has talked about not feeling safe, has expressed concern for [the younger child]," "has drawn some concerning pictures [of] children screaming, sad faces, and one with a banana that seems very

penis shaped, and another of a worm with hair all over his body, a snake, and talks about feeling scared"; and that Head Start "staff have become increasingly concerned over the past few weeks due to [the older child's] increased sadness and discussion about not feeling safe." (In various trial court motions, the defendant stated that the concerning pictures, which also are not before us, were photocopied and mailed to DCF.) There was also apparently information -- this revealed in a statement by the prosecutor at a motion hearing -- that the older child, when she was five years old, had rubbed against another child.[1]

Under Dwyer, 448 Mass. at 140-144, before obtaining pretrial inspection of an alleged victim's third-party records, "a defendant must first comply with the threshold requirements of Mass. R. Crim. P. 17 (a) (2), [378 Mass. 885 (1979),] as elucidated in [Commonwealth v. Lampron, 441 Mass. 265, 269 (2004)]. A defendant must

> 'establish good cause, satisfied by showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"'

---

[1] DCF found the suspicion of sexual abuse to be unsupported and "screen[ed] it out," concluding that it did not warrant a formal investigation under G. L. c. 119, § 51B.

Id. at 269, quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974)." Commonwealth v. Sealy, 467 Mass. 617, 627 (2014).

We see no abuse of discretion in the judge's ruling. See Lampron, 441 Mass. at 271. Defense counsel initially argued that the records were relevant to the origin and cause of a vaginal scar on the older child. With no sexual abuse disclosure, or any information about who might have sexually assaulted the child, or indeed any evidence of sexual assault beyond an incident of a five year old child rubbing against another child, making drawings, and expressing sadness and concern for a younger sister, there is no basis for concluding that anything in the possession of Head Start would be evidentiary and relevant to that question. Nor did the defendant demonstrate that he could not properly prepare for trial without production and inspection of Head Start's records. On a motion for reconsideration, the defendant argued that the records were relevant to the case in that there were no behavioral concerns indicated in the victims' academic records from the time of the charged crimes, whereas, by contrast, there were behavioral concerns regarding the older child several years before at Head Start. However, given that there was no sexual abuse disclosure or any reason to think that the original Head Start records would have provided any more information than was

provided in the § 51A report, the defendant failed to demonstrate either that there were evidentiary and relevant documents in the Head Start file, or that he could not properly prepare for trial without production and inspection of those records.

The defendant next argues that the trial judge abused his discretion in denying a motion under Commonwealth v. Ruffen, 399 Mass. 811, 815-816 (1987), for a voir dire to question the older child about prior sexual abuse and to question both children about prior exposure to pornography, both allegedly at the hands of their mother's former boyfriend.

To begin with, neither the terminology utilized by the older child, who was twelve years old at trial, nor that utilized by the younger child, who was ten years old, indicates "knowledge of sexual matters beyond [her] years." Commonwealth v. Walker, 426 Mass. 301, 306 (1997) ("Before any [evidence of prior sexual abuse] is admitted, the judge should determine both that the past abuse is factually similar to the abuse in the case on trial and that the child victim displays knowledge of sexual matters beyond his or her years"). For instance, both victims referred to the defendant's penis as his "private spot," which the older child referred to as his "penis" only after being prompted for another term for it, and the older child referred to his semen as "white stuff." Therefore, had the

judge abused his discretion in declining to grant the voir dire, any error would have been nonprejudicial because the prerequisites for admitting evidence of prior abuse would not have been met.  Further, the older child testified at trial that she had not been exposed to pornography while living with her mother's former boyfriend.  This moots the argument that a Ruffen voir dire might have been useful to the defendant with respect to the question of her prior exposure to pornography.

As to the request for voir dire of the older child about sexual abuse and of the younger child about viewing pornography, before being afforded a voir dire defense counsel must first demonstrate "a reasonable suspicion and a good faith basis for the inquiry."  Walker, 426 Mass. at 306.  Given the limited evidence in the § 51A report of the older child's sadness, drawings, and feeling unsafe several years before the acts that formed the basis of these criminal charges, the trial judge did not abuse his discretion in concluding that the defendant lacked a reasonable suspicion and a good faith basis for asking about prior sexual abuse.  Contrast Commonwealth v. Owen, 57 Mass. App. Ct. 538, 545 (2003) (voir dire justified where police reports alleged, inter alia, that relative had "touched sexual parts of the victim's body and inserted his penis into her mouth"); Commonwealth v. Scheffer, 43 Mass. App. Ct. 398, 399 (1997) (voir dire justified where victim reported to her mother

that she had been digitally penetrated).  Nor, in the absence of
some other evidence, was there any basis for thinking that the
act described by the younger child of the defendant on one
occasion sticking his hand "in his private spot" and then into
her mouth could have reflected knowledge obtained from seeing a
pornographic video while her mother's former boyfriend lived
with them.[2]

Finally, the defendant argues that the testimony of an
examining physician should not have been admitted because it was
"cumulative first complaint" testimony.  The first complaint
doctrine does not prohibit the admission of evidence that,
although "barred by that doctrine, is otherwise independently
admissible."  Commonwealth v. Aviles, 461 Mass. 60, 69 (2011),
quoting Commonwealth v. Arana, 453 Mass. 214, 220-221 (2009).
Hearsay statements made for purposes of medical diagnosis or
treatment are admissible in Massachusetts.  See Commonwealth v.
DeOliveira, 447 Mass. 56, 62 (2006).  The defendant argues that
the statements made by the older child to the doctor were "for
the purpose of enabling him to testify as an expert witness on
the Commonwealth's behalf."  The defendant says that the
"statements were elicited at the behest of State actors in the

---

[2] The only basis for seeking the voir dire was defense
counsel's assertion that the defendant and members of his family
told counsel that the victims' mother told them that her former
boyfriend watched pornography in the victims' presence.

course of a criminal investigation and, on these facts, did not qualify as a hearsay exception," and were thus otherwise inadmissible.

The doctor testified that he was a pediatrician and the co-medical director of the Family Advocacy Center (center) at Baystate Children's Hospital.  He described the center as "a center where children come when there are concerns that they may have been abused in some way to have evaluations, various sorts.  They have forensic interviews there.  They come for medical assessments there.  But it's also a treatment center.  We have therapists there."  He testified that he had undertaken thousands of examinations of children under the age of eighteen, about seventy-five percent of them cases in which there had been "allegations of some sort of sexual abuse."  He testified that he had testified in court in Massachusetts approximately thirty times.  With respect to the medical assessment that he undertook, he said that the value in taking a medical history is that he could consider it in reaching a conclusion about what "has happened with the child" because it provides "something to compare and correlate with physical findings[,] [a]nd then it provides some guidance on what I need to think about in terms of ordering additional testing, if I'm testing for sexually transmitted infections and the like."

In Commonwealth v. Dargon, 457 Mass. 387 (2010), the Supreme Judicial Court held admissible statements of medical history given by a sexual assault nurse examiner (nurse) notwithstanding the fact that the role of the nurse in part was to collect "swabs, fingernail scrapings, and other evidence" and place them in a "Commonwealth of Massachusetts Sexual Assault Evidence Collection Kit." Id. at 390. We think that, as there, the dual purpose served by the examination here does not alter the character of the medical history given by the older child as statements made for purposes of diagnosis or treatment. Nor, finally, do we see any merit in the defendant's argument that the trial judge abused his discretion in admitting these statements because they were more unfairly prejudicial than probative.

Judgments affirmed.