■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NILO RUIZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 4, 1977, after a jury trial, convicting the defendant of rape in the first degree and sodomy in the first degree, reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. The defendant was indicted for the crimes of rape in the first degree and sodomy in the first degree performed on Wanda, the 12-year-old daughter of defendant's "common-law" wife on the evening of November 18, 1976. Wanda, the victim, was the main prosecution witness at the trial. She testified that the defendant had come into her room, put her sister Celia on the floor on her knees, facing away from the door, took the victim to his room while holding one hand on her mouth, and in the room he raped and sodomized her. As defendant carried the complaining witness through the apartment, she noticed her mother on the floor, apparently drunk. Wanda did not complain to anyone about the occurrence until three days later, on November 21, 1976. Testimony regarding the medical examination held on November 21 disclosed that a laceration was present which was inconclusive on the issue of whether intercourse took place. The testimony of the 12 year old was remarkable in that many questions asked on cross-examination were met with either no response at all or the response "I don't know." These questions were not peripheral, but rather were directed at when the victim first complained about the rape, with whom she discussed the rape, and what she observed at the time of the occurrence. This unresponsiveness

must be coupled with another consideration. Defense counsel made an offer of proof to the court in order to allow cross-examination of the complainant regarding acts of sexual intercourse between the complainant and one Garcia (CPL 60.42, subd 5). The mother of the complainant allegedly also had intercourse with Garcia. The court foreclosed examination in this regard. It was urged by defense counsel that this testimony would establish that the complainant's description of sexual intercourse was not that of an innocent who only had this one experience. Her testimony describing the intercourse would therefore be less credible, since the jury could infer that she was drawing on her other sexual experience to describe what occurred. Furthermore, the intercourse of the mother with Garcia was necessary to explain the three-day hiatus in reporting to the police. Defendant's argument would have been that he had a dispute with Wanda's mother about her sexual activities with Garcia. The mother had Wanda press charges in retaliation for that quarrel. The sparseness of Wanda's testimony, coupled with the barring of the proof offered by defendant, warrants reversal and remand for a new trial in the interest of justice. Concur—Lane, Lupiano and Bloom, JJ.

Fein, J. P., dissents in a memorandum, as follows: The majority concludes that the Trial Justice erred in precluding cross-examination of the complainant regarding alleged acts of sexual intercourse between the complainant and a 14-year-old boy named Garcia and alleged intercourse between Garcia and complainant's mother. I disagree. Evidence of the victim's prior sexual conduct is inadmissible except under the circumstances set forth in CPL 60.42. The basis here relied on is that the evidence excluded was "relevant and admissible in the interests of justice." (CPL 60.42, subd 5.) The proposed cross-examination of the complainant respecting her alleged sexual intercourse with Garcia was offered to establish that the 12-year-old complainant was not a novice and thus in some way to indicate that her description of what defendant had done to her was based on her prior experience. Proof of such prior experience would be of no probative value. Complainant's testimony as to defendant's actions was couched in simple physical terms, without subtlety or innuendo. Testimony as to her alleged experience with another might indicate knowledge of the significance of what occurred with defendant. However, it could in no way demonstrate that she was lying or elaborating with respect to defendant's actions. It had no bearing on the only issue in the case, whether defendant had raped or sodomized her. Such cross-examination would only demean or harass this 12-year-old victim. It was not directed to obtain relevant evidence. To permit it would be highly prejudicial. The statute interdicts such testimony, precisely for this reason. The "interests of justice" would not be served by this irrelevant testimony. For the same reasons, cross-examination as to sexual intercourse between the victim's mother and the same boy was properly precluded. Such evidence was offered to prove that defendant had a dispute with Wanda's mother about the mother's sexual activity with Garcia and that the mother had Wanda press charges three days later against defendant. There was cross-examination as to the reasons for the three-day delay and as to the role of the mother in connection with the filing of the complaint. Wanda was cross-examined as to whether she was testifying to "protect your mother or because your mother told you to" or "because your mother said we can get him out of the house" or "to protect your mother, because you know, she's in trouble". Her answer to each question was "No". Again and again she was asked whether her mother told her what to say in court. The Trial Justice also properly pursued the inquiry. The Trial Justice

did not err in precluding cross-examination as to the mother's alleged sexual intercourse with the boy. Testimony as to the child's knowledge of such activity by her mother was totally irrelevant to any issue in the case. It could only harass and demean. It was a collateral matter having no bearing on the issues and could in no way affect credibility. The "interests of justice" would not be served by such testimony. I agree with the majority that the child's testimony was "sparse". However, this weakness is inherent in many, if not most sexual offense cases. There was proof sufficient to sustain the guilty verdict. The issue was for the jury. Accordingly, there should be an affirmance.