23116

The STATE, Respondent v. Timothy Eldon FINLEY, Appellant.

(387 S. E. (2d) 88)

Supreme Court

*Richard H. Warder,* of *Warder & Steele,* Greenville, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Joseph W. Watson,* Greenville, *for respondent.*

Heard Sept. 19, 1989.

Decided Dec. 4, 1989.

FINNEY, Justice:

Appellant Timothy Eldon Finley was convicted of assault with intent to commit criminal sexual conduct in the first

degree and sentenced to fifteen years imprisonment. We reverse and remand for a new trial.

On appeal appellant asserts that the trial court erred by (1) refusing to admit into evidence a tape recorded conversation offered to impeach complainant's testimony on a material issue; (2) misapplying the Rape Shield Act; and (3) denying appellant's motion for a directed verdict.

The appellant and the complainant had known each other for a short period of time. On the night before this incident, the two had dinner in appellant's home. After drinking tequila and watching television, the appellant drove the complainant back to her apartment. Later in the evening, the complainant went to sleep on a love seat in the living room of her apartment, and the appellant fell asleep on the floor in the same room. A male friend from an adjacent apartment visited the complainant at approximately 2:30 a.m. The appellant woke up and saw the complainant and her neighbor engaged in sexual intercourse on the love seat. After the neighbor left, the complainant went back to sleep on the love seat and the appellant resumed sleeping on the floor without conversing with each other.

The complainant alleges that the following morning she tried to get the appellant to leave her apartment. She asserts that the appellant grabbed her, bruised her arm, threw her on the bed, got on top of her, tried to put a pillow over her face and unzipped her pants before she was able to escape, run to the neighbor's home and call the police.

The appellant contends that he did not physically assault the complainant; that they argued over her sexual activity with the neighbor, and that the complainant falsely accused him of attempted criminal sexual conduct out of anger and fear that he would publicly disclose information of her sexual activity. Appellant asserts that an additional motive of the complainant was to extort money from him by agreeing to drop the charges.

First, appellant avers that the trial court erred by refusing to admit into evidence a tape recorded conversation offered to impeach the complainant's testimony on a material issue. The complainant testified that the appellant's girlfriend called her and told her the appellant would pay the complainant $1,000 to drop the charges. Ap-

pellant's girlfriend testified that the complainant called her and said she would drop the charges for $1,000, that the complainant made a second telephone call to her offering to drop the charges for $1,000, and that the complainant wanted $20 that night. This second telephone conversation was recorded by appellant's girlfriend without the knowledge or consent of the complainant. The complainant denied initiating any conversation about dropping the charges. Further, the complainant testified that she was unemployed, her rent was delinquent, and her roommates were planning to move out.

Appellant's counsel attempted to introduce the tape recording of the conversation to impeach the complainant's testimony. The trial judge ruled that the tape recording was inadmissible because it was irrelevant and improper. The trial court expressed reservations as to whether a proper foundation had been laid for impeachment and a concern over whether the tape had been legally obtained. The appellant made a proffer of the tape recording, which was submitted to this Court without objection.

It is well settled that evidence is relevant and admissible if it tends to establish or make more or less probable some matter in issue and to bear directly or indirectly thereon. The evidence need not be sufficient in itself to establish the whole or any definite portion of a party's contention. *Associate Management, Inc. v. E. D. Sauls Construction Company,* 279 S. C. 219, 305 S. E. (2d) 236 (1983); *Gause v. Livingston,* 251 S. C. 8, 159 S. E. (2d) 604 (1968); *Drayton v. Industrial Life & Health Ins. Co.,* 205 S. C. 98, 31 S. E. (2d) 148 (1944); *S. C. Department of Social Services v. Bacot,* 280 S. C. 485, 313 S. E. (2d) 45 (S. C. Ct. App. 1984).

We find that the tape recording was relevant on the issues of (1) whether the appellant tried to obstruct justice, or (2) whether the prosecuting witness was attempting to extort money. *See Baumrind v. Ewing,* 276 S. C. 350, 279 S. E. (2d) 359 (1981). Additionally, even illegally obtained evidence is generally admissible for impeachment purposes. *State v. Mercado,* 263 S. C. 304, 210 S. E. (2d) 459 (1974). This Court concludes that failure to admit the tape recording into evidence was error. We reverse the judgment of the trial court and remand this case.

Second, because it may recur at a subsequent trial, we address the issue involving applicability of the Rape Shield Act under the unique facts of this controversy; although it is not essential to our disposition of this case.

Prior to selection of the jury, appellant's counsel moved to be permitted to introduce at trial evidence of the specific instance of the complainant's sexual conduct on the night in question. The motion was denied in reliance upon the Rape Shield Statute, S. C. Code Ann. § 16-3-659.1. Defense counsel made a proffer of proof, which was allowed without objection and included in the record. At the conclusion of the proffer, the trial judge ruled that the appellant could not testify about the complainant's sexual activity in his presence or appellant's belief as to her motive for allegedly fabricating the charges against him.

We hold that exclusion of the proffered evidence constitutes prejudicial error. Appellant's defense was that he did not commit the assault, that the charges were fabricated to silence him about the complainant's sexual conduct with her neighbor, and to extort money from him. The unique facts of this controversy, coupled with the appellant's right to confront and cross examine witnesses against him and to present a full defense to the charges makes relevant evidence which tends to establish motive, bias, and prejudice on the part of the prosecuting witness. Since the proffered evidence is essential to a full and fair determination of appellant's guilt and was offered for purposes other than to attack the complainant's character by revelation of her sexual activity with a third party, we conclude that such evidence does not come within the purview of the Rape Shield Statute. *See State v. Schmidt,* 288 S. C. 301, 342 S. E. (2d) 401 (1986). In *Schmidt,* this Court held that evidence concerning hard feelings between the families of a victim and a defendant was relevant where the accused's defense was that he did not commit the alleged act of criminal sexual conduct and that the child's story was a result of her parent's vendetta against him. Though the Rape Shield Statute was not an issue in *Schmidt,* the circumstances are analogous and we find the reasoning persuasive.

In *Davis v. Alaska,* 415 U. S. 308, 94 S. Ct. 1105, 39 L. Ed.

(2d) 347 (1974), the United States Supreme Court held that a state's policy of protecting juvenile offenders must yield to a defendant's right to confront witnesses. Similarly, the state's interest in protecting criminal sexual conduct victims from disclosure of sexual acts with third parties must yield to the defendant's right under the circumstances of this case to present evidence that he is being falsely accused because of his knowledge of the complainant's sexual conduct with a third party.

Nothing in this opinion should be construed as limiting application of the Rape Shield Statute as interpreted in *State v. McCoy*, 274 S. C. 70, 261 S. E. (2d) 159 (1979). This Court reaffirms the holding that the state's interest in protecting criminal sexual conduct victims is stronger than the right of a defendant to attack such a victim's character in a manner that has limited or no relevance to the question of guilt. *See State v. Jalo*, 27 Or. App. 845, 557 P. (2d) 1359 (1976); *Commonwealth v. Black*, 337 Pa. Super. 548, 487 A. (2d) 396 (1985); Ann., 1 A. L. R. 4th 283 § 6[b] (1980).

The appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.