1639

The STATE, Respondent v. Leon LANG, Appellant.

(403 S.E. (2d) 677)

Court of Appeals

*Assistant Appellate Defender Joseph L. Savitz, III, of S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Miller W. Shealy, Jr.,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard March 13, 1991; Decided April 1, 1991.

Rehearing Denied May 2, 1991.

GOOLSBY, Judge:

Leon Lang appeals his convictions and sentences for kidnapping, first degree criminal sexual conduct, and pointing a firearm. His appeal charges the trial court with reversible error in not allowing him to introduce evidence of the victim's sexuality after the State introduced evidence the victim was not a homosexual. We reverse and remand for a new trial.

During direct examination, the victim was asked by the prosecutor, "Are you homosexual?" The victim answered he was not. Later, on cross-examination, he characterized himself as heterosexual. When Lang proposed to introduce evidence "concerning the victim's sexuality[ ] for the sole purpose of impeaching the victim," *i.e.*, evidence showing the victim was not a heterosexual as he claimed but was a homosexual, the trial judge ruled "that there is a statutory prohibition against such testimony," apparently referring to the Rape Shield Statute, Section 16-3-659.1 of the South Carolina Code of Laws (1976).

■ The issue in focus here was resolved by the Supreme Court in *State v. Finley*, 300 S.C. 196, 387 S.E. (2d) 88 (1989). There the Supreme Court held, as we read its decision, the Rape Shield Statute did not bar evidence of a victim's sexual conduct if the evidence was offered for a purpose other than to attack the victim's morality. Here, Lang proposed to offer evidence concerning the victim's sexuality simply for the purpose of impeaching the victim's credibility; thus, the Rape Shield Statute had no application. *See* S.C. CODE ANN. § 16-3-659.1 (1985) ("[E]vidence of specific instances of sexual activity which would constitute adultery and would be admissable [sic] under rules of evidence to impeach the creditability [sic] of the witness shall not be excluded."); *State v. Younger*, 306 N.C. 692, 697, 295 S.E. (2d) 453, 456 (1982) (the Rape Shield Statute "was not designed to shield the prosecutrix from the effects of her own inconsistent statements which cast a grave doubt on the credibility of her story."); *State v. Johnson*, 66 N.C. App. 444, 446, 311 S.E. (2d) 50, 52 (1984), *review denied*, 310 N.C. 747, 315 S.E. (2d) 707 (1984) (Rape Shield Statute, which addresses evidence of a " 'general reputation for unchastity,' " did not bar the admission of evidence of a prior sexual assault suffered by the victim when it was offered, in part, to impeach her credibility); *State v. Reiter*, 65 Or. App. 304, 672 P. (2d) 56 (1983) (even though the defendant failed to comply with the Rape Shield Statute's notice requirement, this failure to give notice could not affect his right to cross-examine the complainant about the truthfulness of her direct testimony concerning her previous sexual relationship with the defendant).

That Lang suffered prejudice in not being permitted to offer the evidence cannot be seriously questioned, considering the State itself made the matter of the victim's sexual preference an issue in the case and considering the prosecutor's closing argument in which he bolstered the victim's credibility by spotlighting the absence of any evidence that the victim's sexual preference was other than what the victim claimed it to be, *viz.*,

> And there is no evidence here, none whatsoever, no evidence—and remember that, folks,—there is no evidence that [the victim] is homosexual, at all. And evidence is what you base your verdict on.

*See State v. Myers,* — S.C. —, 391 S.E. (2d) 551 (1990) (the trial court's refusal to allow a defense witness to testify as an expert on blood spatter patterns deemed prejudicial where the State conceded blood spatter evidence required expert testimony and the solicitor argued the evidence to the jury in his closing argument).

Reversed and remanded.

SANDERS, C.J., and BELL, J., concur.