■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALBERT, Appellant.—Judgment, Supreme Court, Bronx County (Ira Globerman, J.), entered November 15, 1989, convicting defendant of one count of rape in the second degree in violation of Penal Law § 130.30, three counts of rape in the third degree in violation of Penal Law § 130.25 (2), and one count of attempted rape in the third degree in violation of Penal Law §§ 110.00, 130.25 (2) and sentencing him to indeterminate terms of 1½ to 4½ years for the conviction of rape in the second degree, 1 to 4 years on each of the convictions for rape in the third degree and 1 year on the conviction for attempted rape in the third degree, all sentences to run concurrently, affirmed.

Defendant, forty years of age, lived with the complainant's mother and the complainant's sister. The complainant was 13 and 14 years of age at the time of the incidents complained of. The evidence was that on four separate occasions, the defendant forced the complainant to engage in sexual intercourse against her will and, on a fifth occasion, attempted to do so. The jury found the defendant guilty of rape in the second degree in that he was over eighteen years of age and the

complainant was less than fourteen, three counts of rape in the third degree in that defendant was over twenty-one years of age and the complainant less than seventeen years of age, and attempted rape in the third degree in that the defendant was over twenty-one and the complainant less than seventeen years of age.

We find no error in the court's exclusion of evidence that the complainant was sexually active with her boyfriend. CPL 60.42 (5) precludes evidence of a victim's sexual conduct unless a court finds that it is "relevant and admissible in the interests of justice." Defendant made no adequate demonstration of why this testimony was necessary to his defense. Defendant wanted to show that the reason the complainant left her home was to continue a sexual relationship with her boyfriend rather than to escape further sexual encounters by the defendant. It is noted that the court did not preclude the defense from exploring the complainant's relationship with her boyfriend except as to its sexual character.

The fact that the verdict sheet given to the jury contained the alleged dates of the alleged incidents with respect to each count was not error and was an aid to the jury in its deliberations. Moreover, no objection to the verdict sheet was raised. (CPL 470.05; *People v Rivera,* 73 NY2d 941 [1989].)

We have reviewed the other contentions of the defendant and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Kassal and Smith, JJ.

Wallach, J., dissents in a memorandum as follows: I would reverse and remand for a new trial. In my view the trial court's evidentiary ruling precluding defendant's proof of a sexual relationship between the 14-year old complainant and her then 19-year old boyfriend effectively deprived defendant of the only defense he was prepared to interpose, namely, that complainant had fabricated her charges against defendant to diffuse her mother's opposition to the continuance of that relationship and to account, with a more palatable story, for her abrupt departure from her mother's house where defendant lived and exercised the role of a stepfather. I would hold that the trial court erred in refusing to exercise the discretion available to it under CPL 60.42 (5) because this evidence tending to establish a corrupt motive to falsify was both "relevant and admissible in the interests of justice." I would also hold that defendant, by his offer of proof, fully preserved the error for appellate review.

It should be noted that absent any corroboration of com-

plainant's testimony, and in view of her delayed complaint to her mother, this case reduced itself to a swearing contest between complainant and defendant, where the jury should have heard all pertinent evidence as to complainant's credibility, and motive, if any, to lie. The evidence was not offered as a general assault upon the character of the complainant in violation of the basic policy underlying CPL 60.42, but rather as a classic form of impeachment to demonstrate bias, interest or hostility (see generally, Richardson, Evidence § 503 [Prince 10th ed], and cases cited). In *People v Ruiz* (71 AD2d 569) we reversed a conviction for sodomy and rape based in part upon the rejection of the same kind of evidence, and I do not see how *Ruiz* can be distinguished from the facts of this case.

Furthermore, I cannot agree with the majority conclusion that the limited and highly sanitized version of complainant's affair which the jury was permitted to hear eliminated the risk of prejudice to defendant. Indeed, his efforts at impeachment were so hobbled as ultimately to damage his position. The point central to his defense, keyed to the timing of the complainant's accusations as linked to the mother's discovery of her precocious sexual conduct, was entirely lost to him, and the result deprived him of a fair trial.