481 S.E.2d 129

Gary Wayne SKEEN, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 24571.

Supreme Court of South Carolina.

Submitted Oct. 17, 1996.

Decided Feb. 3, 1997.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, Columbia, for Petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa Nesbitt Cosby and Assistant Attorney General Teresa A. Knox, Columbia, for Respondent.

TOAL, Justice:

In this Post–Conviction Relief (PCR) proceeding, the PCR judge found Petitioner Gary Wayne Skeen received effective assistance of counsel at his trial for second degree criminal sexual conduct with a minor. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Skeen was accused of molesting twelve-year-old Joe.[1] Although Joe's testimony varied slightly from the report he originally made to the police, Joe testified at trial that Skeen performed oral sex on him three times and had anal sex with him once over a period of about a month.

Although the solicitor had assured defense counsel that the case would not be called for trial during the January term, the case was called for trial in January 1993. Defense counsel testified at the PCR hearing that he was unprepared to try the case when it was called. He also testified that he did not request a continuance because it was clear to him that the judge would not grant it. The solicitor, however, submitted an affidavit to the PCR court stating defense counsel *had* requested a continuance.

At trial, Joe, Joe's mother, a police officer, and a medical doctor testified for the State. The medical doctor, Dr. Baker, testified that Joe showed no physical signs of sexual abuse, but that his affect during the physical examination was consistent with that of a sexually abused child. Specifically, Dr. Baker testified that when she performed the more intrusive portions of the examination, Joe did not flinch or draw back. On cross examination, defense counsel did not inquire as to other causes of unusual affect and did not ask Dr. Baker about a previous report stating she would testify there were no findings of abuse. At the PCR proceeding, Skeen contended his defense counsel had been ineffective in cross examining Dr. Baker.

Finally, Skeen contended counsel was ineffective in several other particulars. The PCR judge denied Skeen relief, and Skeen petitioned this Court for writ of certiorari.

---

1. For purposes of this opinion, the victim has been given a pseudonym.

LAW/ANALYSIS

Skeen argues the PCR court erred in holding he received effective assistance of counsel. We disagree.

■ For a petitioner to be granted Post Conviction Relief as a result of ineffective assistance of counsel, he must show both (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied*, 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). Moreover, this Court will sustain the PCR judge's factual findings and conclusions regarding ineffective assistance of counsel if there is any probative evidence to support those findings. *E.g., McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

Skeen contends his counsel was ineffective in three respects: (1) in failing to move for a continuance of the trial date; (2) in failing to object to certain hearsay statements by Joe's mother; and (3) in failing to prepare and conduct appropriate cross examination of the State's doctor and of Joe himself.[2]

## A. FAILURE TO MOVE FOR CONTINUANCE/LACK OF PREPARATION

■ Skeen first argues his trial counsel was ineffective in failing to move for a continuance of the trial in order to prepare the case. This argument is closely tied to his contention that counsel's preparation for trial was inadequate. Even assuming Skeen's counsel should have moved for a continuance in order to prepare more adequately for trial, Skeen has not shown how he was prejudiced by defense counsel's incomplete preparation.

As an initial matter, there is some evidence of record indicating Skeen actually moved for a continuance. Of course, defense counsel testified at the PCR hearing that he did not request a continuance because the trial judge "made it very

---

**2.** At the PCR hearing, Skeen made several other arguments about counsel's ineffectiveness. Skeen advances only three of those arguments to this Court.

clear ... that this case was going to go," and defense counsel thought "it would have been superfluous to ask for a continuance." Without reaching the question whether defense counsel actually requested a continuance, the PCR court's order simply concludes that a continuance would not have been granted in any case. Regardless whether defense counsel moved for a continuance, however, Skeen is not entitled to relief.

In *Bozeman v. State*, 307 S.C. 172, 414 S.E.2d 144 (1992), the petitioner argued that the trial judge erred in denying his motion for a continuance.[3] The court first noted the general rule that the denial of a motion for a continuance rests within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice to the appellant. *Id.* at 175, 414 S.E.2d at 146 (citing *State v. Babb*, 299 S.C. 451, 385 S.E.2d 827 (1989)). In *Bozeman*, the court found no reversible error because the petitioner did not "point to any other evidence or witnesses which could have been produced if a continuance had been granted." *Id.; see also State v. Motley*, 251 S.C. 568, 164 S.E.2d 569 (1968) (finding no reversible error in denial of motion for continuance, where appellant could not point to any specific testimony or other evidence he could have produced had his motion been granted).

The present case is similar to *Bozeman* and *Motley*. Even assuming the trial judge should have granted a motion for a continuance so that defense counsel would have had additional time to prepare for trial, it is unclear what the additional preparations would have yielded. Skeen suggests defense counsel would have been able to prepare a proper cross examination of Dr. Baker and of Joe himself.

However, there was no evidence presented at the PCR hearing showing how additional preparation would have had any possible effect on the result. Although defense counsel testified at the PCR hearing that he would have liked to have consulted his own medical expert to help him prepare to cross examine Dr. Baker, he himself admitted not knowing "if it would have made a difference" and did not suggest *how* it

---

3. In *Bozeman*, a PCR proceeding, this issue was reached as a direct appeal issue for various reasons not relevant to the present case.

might have made a difference. He did not point to any admissible evidence he could have produced that would have been helpful to his case.

## B. Failure to Object to Hearsay Statement by Joe's Mother

■ Skeen also argues that had defense counsel been better prepared, he would have objected to the testimony by Joe's mother that Joe told her Skeen had molested him. Most of this testimony would have been admissible as a hearsay exception. *See, e.g., State v. Schumpert,* 312 S.C. 502, 435 S.E.2d 859 (1993) ("It is a well settled exception to the hearsay rule that in criminal sexual conduct cases when the victim testifies, evidence from other witnesses that she complained of the assault is admissible in corroboration limited to the time and place of the assault and excluding details or particulars."). We see no prejudice.

## C. Ineffective Cross Examination

■ Skeen argues his counsel was ineffective for failing to cross examine Dr. Baker on the inconsistency between her earlier report and her testimony at trial. He further contends counsel's cross examinations of Dr. Baker and Joe were generally ineffective. We disagree.

The report of the investigating police officer stated:

[Dr. Baker] reported that the exam was normal; however this was not to say that nothing happened. Dr. Baker explained further that due to the time between incident and exam there would not be any signs of abuse. I advised Dr. Baker and she stated she could testify as to no findings.

At trial, Dr. Baker testified that Joe's "physical exam was normal. His genitalia was normal. His neurological exam was normal and his anal exam was normal." However, she next testified that Joe had a "rather unusual response" to portions of the examination; although most children react in some way to uncomfortable parts of the procedures, Joe "didn't react at all to any of it. He didn't resist or flinch or even tighten his muscles whenever I stuck the Q-tip in[to] [his penis] or whenever I drew his blood or did any part of the exam. That is very unusual." Dr. Baker said a failure to

react to intrusive procedures is consistent with sexual abuse. When asked whether the examination indicated Joe was sexually abused, Dr. Baker stated that she could not determine "with any reasonable medical certainty whether or not he ... was sexually abused." She qualified that statement by reiterating that Joe's affect was abnormal, even though she could not determine the cause of the abnormal affect.

On cross examination, defense counsel summarized Dr. Baker's testimony by asking her, "Bottom line is you found no physical evidence of child abuse; is that accurate?" Dr. Baker replied, "Physical evidence meaning like from the physical exam itself, from the body, no. Just the affect was abnormal." Defense counsel followed up with a few short questions about affect.

Skeen's first allegation concerning his counsel's cross examination of Dr. Baker is that counsel was ineffective for failing to cross examine Dr. Baker regarding the discrepancy between her report to the police investigator and her testimony at trial. It is not clear to us, however, that her testimony was actually inconsistent with her statements to the police investigator. The investigator's statement reports that Dr. Baker was willing to testify to "no findings," and at trial Dr. Baker stated that she could not to a reasonable degree of medical certainty testify that Joe was abused. This testimony is consistent. Dr. Baker's testimony that Joe demonstrated unusual affect during the genital and anal exams is not necessarily inconsistent with Dr. Baker's statement to the police; rather, the testimony clarified and elaborated on both the material in the report and her earlier testimony. We see no ineffectiveness in counsel's failure to cross examine Dr. Baker about the supposed discrepancy in her testimony and her statement to the police.

■ Skeen also alleges and argues that counsel's cross examination of Dr. Baker was generally ineffective and that counsel should have pursued certain avenues of inquiry, such as questioning Dr. Baker about causes other than sexual abuse for a child's unusual affect during a physical examination. Perhaps the quality of counsel's representation of Skeen would have been enhanced by a more thorough cross examination. Nevertheless, one can only speculate whether a "better" cross

examination would have helped Skeen. At the PCR hearing, there was no testimony presented concerning other causes of unusual affect during a physical examination, nor was there other testimony about what information a more extensive cross examination of Dr. Baker might have revealed. In short, Skeen has not proven he suffered any prejudice as a result of counsel's cross examination of Dr. Baker. Moreover, there is evidence to support the finding of the PCR court that defense counsel conducted an effective cross examination of Dr. Baker.

As to the cross examination of Joe, Skeen asserts primarily that counsel should have been able to question Joe about prior sexual activities Joe may have engaged in. However, this testimony would have been barred by the rape shield statute. *See* S.C.Code Ann. § 16–3–659.1 (Supp.1995). Furthermore, there is evidence to support the PCR court's determination that defense counsel conducted a reasonably effective cross examination of the child witness.

### CONCLUSION

For the foregoing reasons, the order of the PCR court is **AFFIRMED.**

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.