530 S.E.2d 406

**The STATE, Respondent,**

v.

**Gary GROVENSTEIN, Appellant.**

**No. 3156.**

Court of Appeals of South Carolina.

Heard Feb. 8, 2000.

Decided April 24, 2000.

Rehearing Denied July 8, 2000.

212

J. Edward Bell, III, of Bell & Moore, of Sumter; and Robert J. Harte, of Aiken, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, and Assistant Attorney General G. Robert DeLoach, Jr., all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent.

CONNOR, Judge:

In this remand from the Supreme Court, Gary Grovenstein appeals his convictions for two counts of criminal sexual conduct (CSC) with a minor, first degree and one count of CSC with a minor, second degree.[1] We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

The charges against Grovenstein are based on allegations he molested his girlfriend's three minor sons. The boys (collectively, "the victims") were ages fifteen, ten, and nine at the time of Grovenstein's January 1996 trial. The indictments

---

1. This Court previously reversed Grovenstein's convictions based on one of four issues on appeal. *State v. Grovenstein,* 328 S.C. 548, 493 S.E.2d 865 (Ct.App.1997). The Supreme Court reversed our opinion and remanded for consideration of Grovenstein's remaining issues. *State v. Grovenstein,* 335 S.C. 347, 517 S.E.2d 216 (1999).

alleged Grovenstein committed sexual battery on the older victim sometime in 1992 and on the younger victims between the beginning of 1991 and the end of 1992.

The oldest victim alleged Grovenstein anally penetrated him with his penis several times. The younger victims alleged Grovenstein anally penetrated them with rolled-up paper. Both victims stated they believed Grovenstein used rolled-up paper because they could hear the "crinkling or wrinkling" sound of someone rolling up paper. Neither boy saw the rolled-up paper.

Grovenstein was indicted on one count of lewd act upon a child per victim, one count of first degree CSC with a minor per victim, and one count of second degree CSC involving the oldest victim. The trial court directed a verdict on all of the lewd act charges and the first degree CSC charge involving the oldest victim. At the close of testimony, the court submitted the remaining CSC charges, one second degree count and two first degree counts, to the jury. The jury returned guilty verdicts on each remaining indictment. Grovenstein appealed. We now consider his claims of reversible error in (1) the exclusion of evidence that the victims had previously been accused of conduct similar to the allegations against Grovenstein, (2) the exclusion of evidence that the father of two of the victims wanted Grovenstein to go to jail, and (3) the State's closing remarks.

## DISCUSSION

### I. Exclusion of Allegations Against Victims

Grovenstein argues the trial court erred in excluding evidence that the victims had previously been accused of sexual misconduct similar to the conduct they alleged against him. He argues the purpose of introducing this evidence was to demonstrate they had knowledge of sexual matters of this nature, not to impugn their character. We agree the trial court erred in excluding the evidence and find the error prejudiced him as to all of the charges.

Before the victims knew Grovenstein, they were accused of inserting objects in the vagina and rectum of a young girl. The youngest boy could not remember the girl or the allega-

tions, but the other two boys testified *in camera* that the three of them were accused of this conduct. The two older boys personally denied sexually abusing the girl. Grovenstein's counsel was prepared to call the young girl as a witness if the trial court admitted this evidence.[2]

The State made a motion *in limine* to exclude this evidence pursuant to the Rape Shield Statute. Grovenstein argued evidence of the allegations should be admitted to impeach the boys and to show they had knowledge of these types of sexual activities before they met Grovenstein. The trial court ruled the evidence inadmissible, reasoning that it was irrelevant, more prejudicial than probative, and that it appeared to be an attempt to improperly attack the boys' character.

 Victims of sexual assault are protected from in-court attacks on their chastity by our state's Rape Shield Statute which provides:

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct is not admissible in prosecutions under Sections 16–3–615 and 16–3–652 to 16–3–656; however, evidence of the victim's sexual conduct with the defendant or evidence of specific instances of sexual activity with persons other than the defendant introduced to show source or origin of semen, pregnancy, or disease about which evidence has been introduced previously at trial is admissible if the judge finds that such evidence is relevant to a material fact and issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value. Evidence of specific instances of sexual activity which would constitute adultery and would be admissible under rules of evidence to impeach the credibility of the witness may not be excluded.

(2) If the defendant proposes to offer evidence described in subsection (1), the defendant, prior to presenting his defense shall file a written motion and offer of proof. The court shall order an in-camera hearing to determine whether the proposed evidence is admiss[i]ble under subsection

---

**2.** Although Grovenstein did not proffer the young girl as a witness, the State concedes the record on appeal sufficiently sets forth the substance of her purported testimony.

(1). If new evidence is discovered during the presentation of the defense that may make the evidence described in subsection (1) admiss[i]ble, the judge may order an in-camera hearing to determine whether the proposed evidence is admiss[i]ble under subsection (1).

S.C.Code Ann. § 16–3–659.1 (1985 & Supp.1999).[3]

Our appellate courts have carved out exceptions to the general prohibition of evidence regarding a victim's sexual conduct beyond those expressly enumerated in the statute. *See State v. Finley,* 300 S.C. 196, 387 S.E.2d 88 (1989); *State v. Lang,* 304 S.C. 300, 403 S.E.2d 677 (Ct.App.1991).

In *State v. Finley,* our Supreme Court considered whether the trial court properly excluded evidence that the victim engaged in sexual relations with another man in the defendant's presence on the evening before the defendant allegedly attempted to rape her. The defendant proffered the evidence to show the victim had a motive to falsely accuse him, specifically, fear that he would publicly disclose her sexual conduct with the other man. The trial court excluded the evidence. On appeal, the Supreme Court held the exclusion of the evidence constituted prejudicial error, noting that "the state's interest in protecting criminal sexual conduct victims from disclosure of sexual acts with third parties must yield to the defendant's right under the circumstances of this case to present evidence that he is being falsely accused because of his knowledge of the complainant's sexual conduct with a third party." *Finley,* 300 S.C. at 201, 387 S.E.2d at 90. The Court also explained why the evidence was not barred by the Rape Shield Statute:

Appellant's defense was that he did not commit the assault, that the charges were fabricated to silence him about the complainant's sexual conduct with her neighbor.... *The unique facts of this controversy, coupled with the appellant's right to confront and cross examine wit-*

**3.** Because Grovenstein's trial commenced on January 16, 1996, the new Rules of Evidence were in effect. We note, however, the Rape Shield Statute has not been altered by the adoption of these rules. *See* Rule 412, SCRE ("In prosecutions for criminal sexual conduct or assault with intent to commit criminal sexual conduct, the admissibility of evidence concerning the victim's sexual conduct is subject to the limitations contained in S.C.Code Ann. § 16–3–659.1 (1985).").

*nesses against him and to present a full defense to the charges makes relevant evidence which tends to establish motive, bias, and prejudice on the part of the prosecuting witness.* Since the proffered evidence is essential to a full and fair determination of appellant's guilt and *was offered for purposes other than to attack the complainant's character* by revelation of her sexual activity with a third party, we conclude that such evidence does not come within the purview of the Rape Shield Statute.

*Id.* at 200, 387 S.E.2d at 90 (emphasis added).

This Court has concluded the *Finley* decision held "the Rape Shield Statute did not bar evidence of a victim's sexual conduct if the evidence was offered for a purpose other than to attack the victim's morality." *Lang*, 304 S.C. at 301, 403 S.E.2d at 678. In *State v. Lang*, this Court held the trial court improperly excluded evidence of the victim's homosexuality in the defendant's prosecution for first degree CSC and other charges where the defendant offered the evidence simply to impeach the credibility of the victim who denied his homosexuality on direct examination. *Id.*

We must now decide whether the prior sexual experiences of a child victim are admissible despite the Rape Shield Statute to prove a source of the victim's sexual knowledge other than the alleged experiences with the defendant.[4]

---

4. Our research reveals no South Carolina case which specifically addresses the admissibility of this type of evidence. We note, however, the Supreme Court in *Skeen v. State*, 325 S.C. 210, 481 S.E.2d 129 (1997), tangentially discussed prior sexual activities of a young victim with respect to the Rape Shield Statute. In *Skeen*, a post-conviction relief case for the charge of second degree CSC with a minor, Skeen asserted his trial counsel was ineffective. Skeen alleged, inter alia, his counsel should have been able to question the twelve-year-old male victim about prior sexual activities the victim may have engaged in. Without discussion, the Court stated "this testimony would have been barred by the rape shield statute." *Id.* at 217, 481 S.E.2d at 133. The Court further found there was evidence to support the PCR court's determination that Skeen's counsel conducted a reasonably effective cross-examination of the victim. *Id.* In view of the procedural posture of *Skeen*, we are unable to discern for what purpose Skeen's counsel would have cross-examined the victim as to his alleged prior sexual activities other than to attack his character. As such, we do not find *Skeen* dispositive of the particular issue raised in this case.

Other jurisdictions have concluded evidence of a young victim's sexual history is relevant where the defendant seeks to admit the evidence to show a source for the victim's sexual knowledge. Specifically, these courts found the evidence relevant to rebut the inference that a child victim could not describe the sexual acts unless the defendant had committed the alleged acts. *See* Danny R. Veilleux, Annotation, *Admissibility of Evidence That Juvenile Prosecuting Witness in Sex Offense Case Had Prior Sexual Experience For Purposes of Showing Alternative Source of Child's Ability to Describe Sex Acts*, 83 A.L.R.4th 685 (1991 & Supp.1999) (analyzing cases which have discussed or decided whether, and under what circumstances, evidence of prior sexual experience involving a juvenile prosecuting witness and a party other than the defendant is admissible in a criminal sexual offense trial for the purpose of establishing that the child's sexual knowledge and resulting ability to describe sexual conduct may be attributed to a source other than the alleged sexual offense); *see, e.g.,* *State v. Oliver*, 158 Ariz. 22, 760 P.2d 1071, 1077 (1988) (en banc) ("We believe that if an accused raises the defense of fabrication, and if the minor victim is of such tender years that a jury might infer that the only way the victim could testify in detail about the alleged molestation is because the defendant had in fact sexually abused the victim, then evidence of the victim's prior sexual history is relevant to rebut such an inference."); *State v. Jacques*, 558 A.2d 706, 708 (Me.1989) ("Where the victim is a child, as in this case, the lack of sexual experience is automatically in the case without specific action by the prosecutor. A defendant therefore must be permitted to rebut the inference a jury might otherwise draw that the victim was so naive sexually that she could not have fabricated the charge."); *Commonwealth v. Ruffen*, 399 Mass. 811, 507 N.E.2d 684, 687–88 (1987) ("If a defendant challenges the reliability of a child's testimony about sexual abuse, it is unfair to deprive him of the right to show that the child had personal knowledge of sexual acts and terminology.... If the victim had been sexually abused in the past in a manner similar to the abuse in the instant case, such evidence would be admissible at trial because it is relevant on the issue of the victim's knowledge about sexual matters."); *State v. Benedict*, 397 N.W.2d 337, 341 (Minn.1986) ("Despite the prohibition of a

rape-shield law or rule, a trial court has discretion to admit evidence tending to establish a source of knowledge of or familiarity with sexual matters in circumstances where the jury otherwise would likely infer that the defendant was the source of the knowledge."); *Summitt v. State*, 101 Nev. 159, 697 P.2d 1374 (1985) (holding trial court improperly excluded evidence of a six-year-old victim's prior sexual experience where the experience was similar to the allegations against defendant); *State v. Howard*, 121 N.H. 53, 426 A.2d 457, 462 (1981) (holding that defendant "must be afforded the opportunity to show, by specific incidents of sexual conduct, that the [victim] has the experience and ability to contrive a [criminal sexual conduct charge] against him," particularly when the victim is so young as to be perceived by the average juror as a sexual innocent); *State v. Budis*, 125 N.J. 519, 593 A.2d 784 (1991) (holding trial court erred in excluding evidence of nine-year-old victim's prior sexual abuse by her stepfather where evidence was relevant and admissible only to show an alternative source for the victim's sexual knowledge); *People v. Ruiz*, 71 A.D.2d 569, 418 N.Y.S.2d 402 (1979) (holding trial court erred in denying defendant charged with raping and sodomizing a twelve-year-old girl the opportunity to prove the girl previously engaged in sexual intercourse with another man which would explain her ability to describe the act); *State v. Oliveira*, 576 A.2d 111 (R.I.1990) (concluding trial court should have admitted evidence of child victim's prior allegations of sexual abuse to prove she possessed prior knowledge of the sexual acts she described as performed by defendant); *State v. Carver*, 37 Wash.App. 122, 678 P.2d 842, 844 (1984) (evidence that child victims were victims of prior sexual abuse was "extremely relevant to defendant's defense, and its exclusion unfairly curtailed defendant's ability to present a logical explanation for the victims' testimony"); *State v. Pulizzano*, 155 Wis.2d 633, 456 N.W.2d 325, 333 (1990) ("Evidence of [a] prior sexual assault is probative of a material issue, to show an alternative source for sexual knowledge," and is necessary to rebut the inference that a child victim could not have gained the sexual knowledge he possessed unless the sexual assaults defendant is alleged to have committed occurred.).

A minority of states refuse to admit such evidence on the grounds it is irrelevant, confusing to the jury, and an invasion

of the victim's privacy. *See, e.g., State v. Clarke,* 343 N.W.2d 158, 162 (Iowa 1984) (holding evidence that "relatively young female" victim had previous sexual experience is irrelevant); *People v. Arenda,* 416 Mich. 1, 330 N.W.2d 814, 818 (1982) (holding evidence of prior sexual abuse of eight-year-old boy had minimal relevance because ability to describe sexual conduct need not be acquired solely through sexual conduct, unlike evidence of pregnancy, semen, or disease, and reasoning that (1) potential prejudice from the admission of such evidence is great, (2) a blanket exception for its admission would "swallow the rule," (3) child victims are among the persons whom the rape shield statute was designed to protect, and (4) there are other means by which one can inquire into the source of knowledge without producing evidence of sexual conduct with others); *Commonwealth v. Appenzeller,* 388 Pa.Super. 172, 565 A.2d 170 (1989) (en banc) (evidence of prior sexual abuse irrelevant in subsequent sexual abuse trial).

We are persuaded by the decisions of the majority of jurisdictions which find that a rape shield statute or rule is not a blanket exclusion of evidence concerning alternative sources of a child victim's sexual knowledge. Therefore, in light of the *Finley* and *Lang* decisions, we hold that evidence of a child victim's prior sexual experience is relevant to demonstrate that the defendant is not necessarily the source of the victim's ability to testify about alleged sexual conduct.

▆ Our decision, however, does not mean that this type of evidence is always admissible. Although relevant, the admission of this type of evidence is still subject to a determination of whether the prejudicial effect of the evidence outweighs its probative value. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.").

This additional inquiry is not only required by this State's rules of evidence, but is also consistent with the procedure employed by the majority of courts which have admitted such evidence. *See, e.g., State v. Oliver,* 158 Ariz. 22, 760 P.2d 1071 (1988) (en banc) (before admitting evidence of a minor victim's

prior sexual history, trial court must determine whether the evidence's probative value is outweighed by the danger of unfair prejudice); *State v. Jacques,* 558 A.2d 706 (Me.1989) (holding evidence of prior sexual abuse of minor victim is admissible if offered for the purpose of challenging the jury's assumption of children's innocence, subject to the limitations of relevance under Rule 403); *Commonwealth v. Ruffen,* 399 Mass. 811, 507 N.E.2d 684 (1987) (holding admission of evidence of minor victim's prior sexual abuse is subject to principles of relevance); *Summitt v. State,* 101 Nev. 159, 697 P.2d 1374 (1985) (holding trial court must undertake to balance the probative value of minor victim's prior sexual experiences against it prejudicial effect); *State v. Budis,* 125 N.J. 519, 593 A.2d 784 (1991) (in determining whether to admit evidence of an alternative source for minor victim's sexual knowledge, trial court must decide whether its probative value outweighs its prejudicial effect).

In this case, we find the evidence that the victims were accused of inserting objects into a young girl's vagina and rectum prior to meeting Grovenstein should have been admitted because it provided an alternate explanation of how the young victims would be familiar with the sexual conduct they alleged Grovenstein committed. This is particularly true regarding the younger victims who alleged Grovenstein inserted rolled-up paper into their rectums because this closely resembles the conduct for which they were previously accused. Furthermore, the State in its closing argument emphasized the inference that the young victims' knowledge was based on their experience with Grovenstein. Specifically, the assistant solicitor stated, "If you're six and you're seven and you don't know anything about sex, all you know is what you've perceived." Because Grovenstein's defense was that the allegations were completely untrue, it was critical for him to show that the young victims possessed the knowledge necessary to fabricate the allegations. Moreover, given that the case depended primarily on a credibility determination between Grovenstein and the victims, this evidence was even more significant.

Furthermore, we do not believe the danger of unfair prejudice was sufficient to outweigh the probative value of this evidence. Initially, we note this is not a typical case in which

a child victim would have to recount in detail incidents where he was subjected to sexual abuse. Instead, this case involves allegations that the victims had previously been the perpetrators of sexual abuse on a young girl. Although we are conscious of the fact that cross-examination of the victims concerning these allegations has the potential of impugning their character, we are confident the trial court could eliminate this effect with an instruction which limits the admissibility for the sole purpose of establishing an alternate explanation for the victim's sexual knowledge.

█ The State argues the exclusion of this evidence was harmless because it was cumulative to other evidence which indicates the victims had independent knowledge about sexual conduct to describe the acts attributed to Grovenstein.[5] Because the jury's determination of Grovenstein's guilt depended on whether it believed Grovenstein's testimony or the victims' testimony, we cannot say the exclusion of evidence that was critical to Grovenstein's credibility was harmless beyond a reasonable doubt. *See State v. Singleton,* 303 S.C. 313, 400 S.E.2d 487 (1991) (refusing to find error harmless where the evidence of guilt was not overwhelming); *cf. State v. Reeves,* 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not reasonably have affected the result of the trial.").

## II. Exclusion of Reply Testimony

█ Grovenstein also argues the trial court erred in excluding reply testimony that Daniel Sevier, the father of the younger victims and ex-husband of their mother, wanted Grovenstein to go to jail. We hold the court committed no reversible error in excluding this evidence.

Grovenstein's former girlfriend, Renee Herron, testified that Sevier told her he believed his ex-wife was unfit and that he wanted to take the children from her. He asked Herron to

---

5. Specifically, the State relies on the testimony of the oldest victim where he stated his stepfather's friend sexually abused him when he was six or seven years old in the same way he alleged Grovenstein did. Also, this victim testified that his father had shown him pornographic movies. The State also points to the victims' mother's testimony in which she stated that she found the two younger victims engaging in oral sex in the bathtub on two occasions before she met Grovenstein.

spy on Grovenstein and the victims' mother in an effort to "set them up." The trial court refused to allow Grovenstein to elicit Herron's testimony that Sevier wanted Grovenstein to go to jail, concluding that the evidence was improper reply testimony. We hold even if the evidence was proper reply testimony, it was cumulative to evidence that Sevier wanted to "set up" his ex-wife and Grovenstein and thus its exclusion was harmless. *See State v. Beckham*, 334 S.C. 302, 513 S.E.2d 606 (1999) (erroneous exclusion of cumulative evidence is harmless).

### III. State's Closing Argument

■ Finally, Grovenstein contends a portion of the State's closing argument contained prejudicial statements of fact not supported by the record. We do not address this issue because Grovenstein did not raise it to the trial court. Thus, it is not preserved for our review. *See State v. Pauling*, 322 S.C. 95, 100, 470 S.E.2d 106, 109 (1996) ("Having denied the trial judge an opportunity to cure any alleged error by failing to contemporaneously object ..., Appellant is procedurally barred from raising these issues for the first time on appeal."); *State v. Peay*, 321 S.C. 405, 468 S.E.2d 669 (Ct.App.1996) (A contemporaneous objection and ruling at trial is required to preserve an error for review.); *see also Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997) (South Carolina appellate courts have consistently refused to apply the plain error rule.).

### CONCLUSION

We find there was no reversible error concerning the trial court's decision to exclude the reply testimony or his decision not to *sua sponte* address any alleged error in the State's closing argument Because we hold the trial court erred in excluding evidence that the victims were previously accused of committing acts similar to those they alleged Grovenstein committed on them, we remand for a new trial on each of Grovenstein's convictions.

**REVERSED AND REMANDED.**

GOOLSBY and HUFF, JJ., concur.