THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY
 RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 William Broach, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge
Memorandum Opinion No. 2008-MO-014
Submitted February 21, 2008  Filed March
 10, 2008   
AFFIRMED

 
 
 
 Tommy Arthur Thomas, Tricia A. Blanchette, both of Tommy A.
 Thomas, PC, of Irmo, for Petitioner.
 Attorney General Henry Dargan McMaster; Chief Deputy Attorney
 General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; and
 Assistant Attorney General Brian T. Petrano, all of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 We granted William Broach a belated direct appeal of his convictions and
 sentences for four counts of criminal sexual conduct with a minor, first degree,
 and one count of criminal sexual conduct with a minor, second degree.  He
 argues the trial court erred by:  (1) allowing the State to introduce his prior
 conviction for committing a lewd act on a minor during the cross-examination of
 his employer; and (2) relying on the Rape Shield statute in refusing to admit
 evidence that one of the victims was sexually abused by her stepfather.  
We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  Issue 1:  State
 v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (noting that an
 insubstantial error that does not affect the result of the trial is harmless
 where guilt has been conclusively proven by competent evidence such that no
 other rational conclusion can be reached); Issue 2:  S.C. Code Ann. §
 16-3-659.1(1) (2003) (providing that specific instances of a victims own
 sexual conduct is not admissible in criminal sexual conduct prosecutions); State
 v. Grovenstein, 340 S.C. 210, 219, 530 S.E.2d 406, 411 (Ct. App. 2000)
 (providing that evidence of a child witnesss prior sexual experience is
 relevant to demonstrate that the defendant is not necessarily the source of
 the victims knowledge of sexual matters).

AFFIRMED.
TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.