THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 George B.
 Senior, Appellant.
 
 
 

Appeal From Dorchester County
James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-256
Submitted April 1, 2010  Filed April 26,
 2010    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General Julie M. Thames, all of Columbia;
 and Solicitor David Michael Pascoe, of Orangeburg, for Respondent.
 
 
 

PER CURIAM:  George B.
 Senior appeals his convictions for criminal sexual conduct with a minor in the
 first degree and lewd act upon a child.  Senior argues the trial court erred in
 excluding testimony concerning whether the victim had been sexually assaulted
 by a third party.  Specifically, Senior contends he was unable to present
 evidence that the victim's behavioral problems resulted from a third-party
 assault.  We affirm.
Ordinarily, an appellate court will not review an
 alleged error regarding the exclusion of testimony unless a proffer of
 testimony is properly made on the record.  State
 v. Schmidt, 288 S.C. 301, 303, 342 S.E.2d 401, 402-03 (1986).  Absent
 a proffer, it is impossible for an appellate court to determine the effect of
 the excluded testimony.  Baber v. Greenville County, 327 S.C. 31, 41,
 488 S.E.2d 314, 319 (1997).  However, where the trial court refuses to allow
 the proffer, and the appellate court can determine from the record what the
 testimony was intended to show, the appellate court may address the merits.  Schmidt,
 288 S.C. at 303, 342 S.E.2d at 403.  
Senior's counsel did not attempt to proffer testimony
 from either the mental health therapist or the psychiatrist regarding whether
 anal penetration was reported as part of victim's prior history of abuse.  However,
 Senior's counsel did attempt to proffer testimony from Dr. Betsy Gibbs, the sex
 therapist who took the forensic information from the victim.  The trial
 court denied counsel's proffer request on the grounds the question was
 irrelevant.  Thus, although the proffer attempt was unsuccessful, this
 issue is preserved to the extent this court can determine from the record what the
 testimony was intended to show.  See Schmidt, 288 S.C. at 303,
 342 S.E.2d at 403. 
Reaching the merits, counsel's intended question
 provides no evidentiary support for Senior's current argument.  Counsel stated "anal
 penetration starts with other stuff," implying she intended to ask Dr.
 Gibbs whether a person who commits a sexual assault involving anal penetration
 generally commits prior sexual assaults involving other body parts.  Counsel
 did not suggest that the alleged perpetrator of both acts was not Senior, nor
 did she suggest the other perpetrator could have caused the victim's behavioral
 problems instead of Senior.  Counsel's implied line of questioning would not
 serve to exculpate Senior; thus, Senior suffered no prejudice from the
 exclusion of the proposed testimony. 
In addition, this evidence does not fall within any of
 the recognized exceptions to the Rape Shield Statute.  See S.C. Code
 Ann. § 16-3-659.1(1) (2003).  Counsel's implied line of questioning would not
 provide an alternative source to explain the victim's sexual knowledge, nor
 would it impeach the victim's credibility.  See State v. Finley,
 300 S.C. 196, 200, 387 S.E.2d 88, 90 (1989) (holding the trial court improperly
 excluded evidence that a female victim engaged in a sexual encounter with
 another man in defendant's presence to show the victim had motive to falsely
 accuse the defendant); State v. Grovenstein, 340 S.C. 210, 220, 530
 S.E.2d 406, 412 (Ct. App. 2000) (holding evidence of three male victims' prior
 sexual conduct was relevant to Grovenstein's defense as an alternate
 explanation of how the victims possessed knowledge of the alleged sexual
 assault by Grovenstein);  State v. Lang, 304 S.C. 300, 301-02, 403
 S.E.2d 677, 678 (Ct. App. 1991) (holding the trial court improperly excluded
 evidence of the victim's homosexuality to impeach the credibility of the victim
 when the victim denied his homosexuality on direct examination).
The trial court did not abuse its discretion in
 excluding testimony regarding an alleged sexual assault of the victim by a
 third party.  Accordingly, Senior's conviction is
AFFIRMED.[1]
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.