THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 MacArthur Lee, Jr., Appellant.
 
 
 

Appeal From Berkeley County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.  2011-UP-332
Submitted June 1, 2011  Filed June 27, 2011

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General William M. Blitch, Jr.; all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  MacArthur Lee, Jr. appeals his convictions for assault and battery of a high and aggravated nature and committing a lewd act upon a
child, arguing the trial court abused its discretion by precluding him from cross-examining the victim in regard to her alleged sexual preference.  We
affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v. Forrester, 343 S.C.
637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking a motion in limine to exclude evidence at the beginning of trial does not preserve an issue for review
because a motion in limine is not a final determination.").  Alternatively, even if the issue is preserved for review, we find the trial court acted
within its discretion in excluding the evidence.  See State v. Wright, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of
evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.") (internal quotation omitted); State v.
Starnes, 340 S.C. 312, 325, 531 S.E.2d 907, 914 (2000) (holding a trial court may impose limits on defense counsel from inquiry into the potential bias of a
prosecution witness to prevent harassment, prejudice, confusion of the issues, and repetitive or marginally relative examination); State v. Finley, 300
S.C. 196, 200, 387 S.E.2d 88, 90 (1989) (finding the exclusion of evidence of the victim's sexual conduct constituted prejudicial error where the proffered
evidence was essential to a full and fair determination of guilt) (emphasis added).
AFFIRMED.
FEW, C.J., PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.