**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin J. McKinnon, Appellant.

Appellate Case No. 2020-001378

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2023-UP-162
Submitted April 1, 2023 – Filed April 26, 2023

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Kevin J. McKinnon appeals his conviction of first-degree criminal sexual conduct with a minor and sentence of thirty-five years'

imprisonment. On appeal, he argues the trial court erred by refusing to allow him to identify a prior abuser of the victim's (Victim's) cousin. We affirm.

We hold the trial court did not abuse its discretion by refusing to allow McKinnon to identify a prior abuser of Victim's cousin by name. *See State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support."). Evidence of the cousin's prior abuse was admitted through the testimony of multiple individuals at trial. *See Grovenstein v. State*, 340 S.C. 210, 219, 530 S.E.2d 406, 411 (Ct. App. 2000) ("[E]vidence of a child victim's prior sexual experience is relevant to demonstrate that the defendant is not necessarily the source of the victim's ability to testify about alleged sexual conduct."). Furthermore, the jury was presented with Victim's and Cousin's conflicting testimonies and still found McKinnon guilty. Accordingly, we find allowing McKinnon to identify the prior abuser by name would not have altered the jury's verdict. *See Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence."); *State v. Reyes*, 432 S.C. 394, 401, 853 S.E.2d 334, 338 (2020) ("[T]he credibility of a witness is exclusively for the jury to decide.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.